HENRY F. BEVERSTOCK vs. THOMAS W. BROWN, JR.,
& another.

Suffolk.   December 6, 1892. — January 4, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Trustee Process — Money received from Sale of Real Estate as Administrator
— Contingencies.*

The plaintiff sought to charge a trustee for money received from a sale of real
estate as administrator to pay debts of the intestate. The process was served
after the Probate Court had granted the license to sell, but before the sale.
While the administrator had obtained a license to sell the whole of the real
estate, the court assumed, under the trustee's answer, that the form of the license
was to sell under the statute the "whole of the estate, or of such part thereof as
may appear to be most for the interest of all concerned." *Held*, that the trustee
was rightly discharged, because, if the administrator should decide to sell only
enough to pay the debts, the remainder would descend to the heirs, and would
not be affected by the trustee process; while, if the heirs should advance money
to pay the debts rather than to have their real estate sold, no sale would be
likely to be made.

TRUSTEE PROCESS. In the Superior Court, the trustee was
discharged; and the plaintiff appealed to this court. The facts
appear in the opinion.

*A. J. McLeod*, for the plaintiff.

*H. W. B. Cotton*, for the trustee.

KNOWLTON, J.   The principles laid down in *Capen* v. *Duggan*,
136 Mass. 501, are decisive of this case. The plaintiff seeks to
charge a trustee on account of money received from a sale of
real estate as administrator, to pay debts of the intestate. It
is contended that, after paying debts and charges of administra-
tion, there may be a surplus, to a share of which the defendant
will be entitled. But the important fact which leaves the pro-
cess ineffectual to charge the trustee is, that at the time of ser-
vice there was no certainty that anything would ever come to
the defendant from the sale of real estate. Whether there would
ever be a sale, and, if there was a sale, whether it would be of
more than enough to pay the debts, depended on contingencies.
Pub. Sts. c. 183, § 34. The administrator had obtained a license
to sell the whole of the real estate, but, under the trustee's an-

swer, we must assume that the form of the license was in accordance with the provision of the statute, namely, to make a sale of the " whole of the estate, or of such part thereof. as may appear to be most for the interest of all concerned." Pub. Sts. c. 134, § 6. If the administrator should decide to sell only enough to pay the debts, the remainder would descend to the heirs, and would not be affected by the trustee process. If the heirs should advance money to pay the debts rather than to have their real estate sold, no sale would be likely to be made. The only difference between the case above cited and the present case is, that in this the trustee process was served after the Probate Court had granted the license to sell, but before the sale, while in the other it was served before the license was granted. This difference is immaterial; for the principal contingencies remained after the granting of the license, the same as before. The trustee was rightly discharged. *Judgment affirmed.*