Nelson v. Stull.

---

John H. Nelson v. S. T. Stull *et al.*

No. 12,552.  (68 Pac. 617, 70 Pac. 590.)

SYLLABUS BY THE COURT.

1. Garnishment—*Wisconsin Construction Adopted.* The law of Kansas relative to garnishment was taken substantially from the statutes of the state of Wisconsin.  Prior to its adoption here, the supreme court of that state held that under it "an executor or administrator is not subject to garnishment before a final order for the distribution of the estate is made." (*The J. I. Case Threshing Machine Co. v. Miracle, Ex'r, Garnishee*, 54 Wis. 295, 11 N. W. 580.)  *Held*, that by the adoption of the statute the construction given to it by such court was also adopted, and this court does not feel at liberty to depart therefrom.

2. ———— *Fraudulent Conveyances—Limitation of Actions.* Recovery in this action as against a garnishee depended on the question whether certain conveyances, which had been made to him by the principal defendant, were fraudulent and void.  This issue

was not presented by formal pleadings, but was developed by the evidence on the trial, and was the theory on which the garnishment proceeding was conducted. *Held,* that such proceeding was "an action for relief on the ground of fraud," within the meaning of the third subdivision of section 18 of the code of civil procedure (Gen. Stat. 1901, § 4446), and as such must be brought within two years from the date of the discovery of such fraud.

3. ATTACHMENT—*Claims not Due.* The remedy of attachment on claims not due, for which provision is made in sections 230 and 231 of the code of civil procedure (Gen. Stat. 1901, §§ 4677, 4678), is a right given a creditor, and not simply a matter of grace springing from the discretion of the court or judge.

Error from Ottawa district court; R. F. THOMPSON, judge. Opinion filed April 5, 1902. Reheard *in banc* November 8, 1902. Reversed.

### STATEMENT.

ONE Christian Nelson died in Ottawa county, Kansas, on the 17th day of September, 1897, leaving quite an estate, consisting of both real and personal property. A portion of this property passed to Emma C. Davis, a married daughter. The plaintiff in error, John H. Nelson, a son, and one Binns, a son-in-law, were appointed executors of the will of said Christian Nelson and qualified as such. These executors came into the possession of the personal property belonging to the estate. Soon after the death of Christian Nelson, and before the probate of his will, Emma C. Davis, her husband joining with her, conveyed all of her interest in her father's estate, both real and personal, to the plaintiff in error, John H. Nelson, in consideration of the execution by him to her of his note for $2000, payable in three years after date.

This action was brought by Stull on certain notes executed by Emma C. Davis and her husband to him. The Davises being non-residents, an affidavit for attachment and garnishment was filed and an order of

Nelson v. Stull.

attachment was levied on the interest of Emma C. Davis in the real estate which she had taken under the will of her father, and an order of garnishment served on John H. Nelson. The contention of the plaintiff was that the transfer by Mrs. Davis to Nelson was fraudulent and void as to her creditors, of whom he was one. The attachment affidavit filed by the plaintiff was treated as his petition. Nelson filed his affidavit, setting up that he was in no manner and on no account indebted or under liability to the defendant, Emma C. Davis, and that he did not have in his possession or under his control any real estate or personal property, effects or credits of any description belonging to said defendant, or in which she had any interest, and was not liable as garnishee in the action. The issue as to his liability as garnishee in the action was closed by serving on him a notice that the plaintiff elected to take issue on his answer as such garnishee. At the trial much evidence was introduced pro and con as to the question whether the conveyances from Emma C. Davis to the garnishee, Nelson, were made for the purpose or had the effect to hinder, delay or defraud Mrs. Davis's creditors. Indeed, practically the entire case was tried on the question of the *bona fides* of this transaction, the contention of the plaintiff being that these conveyances were fraudulent, and hence void, and of the defendant that they were *bona fide*, and, hence, conveyed to him an indefeasible title.

This issue was fairly presented to the jury by the instructions given by the court. The jury found for the plaintiff, which was a finding that these conveyances were fraudulent. The court thereupon rendered judgment against Mrs. Davis, sustaining the attachment on the lands, and directing that the same

be sold upon special execution, the proceeds of such sale to be turned over to the sheriff, who was appointed receiver for this and other purposes. The conveyances under which the garnishee, Nelson, claimed were set aside as fraudulent and void, and Nelson was directed to deliver over to the sheriff, as such receiver, all moneys, effects, rights and property in his hands belonging to Mrs. Davis, the same being designated in the court's judgment as a one-tenth interest in and to the personal property and estate of the late Christian Nelson, deceased. It was further ordered that the sheriff, as such receiver, demand and receive from the estate of Christian Nelson all moneys, property and effects which were coming therefrom to Mrs. Davis as the heir or the legatee of such estate.

It appeared in the evidence that the estate of Christian Nelson had not been fully settled, and no order of final distribution thereof had been made by the probate court, so that whatever property belonging to Mrs. Davis which was held by John H. Nelson was held by him in his capacity as executor of the will of Christian Nelson.

*R. R. Rees*, and *J. E. Mulligan*, for plaintiff in error.

*Merton J. Keys*, *Humphrey & Humphrey*, and *E. C. Little*, for defendant in error S. T. Stull.

The opinion of the court was delivered by

CUNNINGHAM, J.: The first question which confronts us in this action is whether, under our garnishment laws, an executor or administrator may be charged as garnishee in respect to funds in his hands belonging to an heir or legatee, in cases where the estate has not been fully settled and where no order of final distribution has been made. Both parties to

this action agree that this is substantially the color which the question assumes ; for while Nelson was summoned as garnishee in his individual capacity, and not as executor, it appears that he had possession of no funds in his individual capacity, and the order of the court went further and directed that the sheriff should demand, and had a right to receive, from the estate of Christian Nelson such of the moneys, property and effects which, under the provisions of the will of said Christian Nelson, would be the share of Emma C. Davis. Viewed in this aspect, the question is, Under our garnishment law, may funds in the hands of an executor or administrator of an estate be reached by a garnishment proceeding in an action against a distributee, before an order of distribution has been made, and while the estate remains unsettled ? Many authorities are cited to sustain both sides of the contention. It is laid down in the American and English Encyclopedia of Law, volume 14, second edition, page 828, that the great weight of authority is that executors and administrators cannot be thus charged. If we were to construe the language of the statute literally, it would seem to require the contrary holding, for its language is :

"Any creditor shall be entitled to proceed by garnishment in the district court of the proper county against any person . . . who shall be indebted to or have *any* property, real or personal, in his possession or under his control belonging to such creditor's debtor." (Gen. Stat. 1901, § 4634.)

The garnishee in his answer is required to disclose whether he holds title or possession to personal property, effects or credits belonging to the defendants, or in which they are anywise interested. We do not, however, find ourselves at liberty to enter upon a con-

sideration of the proper construction of this statute, or a discussion of the reasons given by the courts in their holdings.

Our garnishment statute was adopted in 1889. It was taken practically *verbatim* from the law of Wisconsin. The supreme court of that state, in the case of *The J. I. Case Threshing Machine Co. v. Miracle, Ex'r, Garnishee,* 54 Wis. 295, 11 N. W. 580, decided in 1882, had this exact point before it, and there held :

"An executor or administrator is not subject to garnishment before a final order for the distribution of the estate is made ; and where he is summoned as garnishee before the making of such order, judgment cannot be taken against him therein *after* the order is made. Whether he is subject to garnishment after such final order is not here determined."

Under the rule that, where a state adopts a law from another state, it adopts as well the construction of that law which the courts of that state have put upon it, we must hold that this is not an open question with us, and until further legislation is had in this state an executor or administrator cannot be charged as garnishee in an action against an heir or devisee, in respect to property or effects in his hands as such executor or administrator, and before a final distribution of the estate has been made.

There is, however, a question in the case which seems to us to reach deeper than the one of which we have spoken. As has been said, no pleadings were filed except the affidavit for attachment and garnishment by the plaintiff, the affidavit denying all liability filed by Nelson, and the notice given by the plaintiff that he elected to take issue on the answer of the garnishee, Nelson. However, the whole case proceeded upon the theory that the conveyances under which Nelson was holding, and claimed a right to

Nelson v. Stull.

hold, were fraudulent.   It was on this theory that the case was tried, submitted to the jury, and verdict found.   It was substantially "an action for relief on the ground of fraud," and as such must have been brought within two years.   Now, as the evidence showed that these conveyances were made more than two years before the bringing of this action, the plaintiff must show that he had no knowledge of the fraud, in order to take his case out of the statute of limitations.   (*Young v. Whittenhall*, 15 Kan. 579.) This he did not do; hence we think he failed to establish his right to recover in the action.   This infirmity in the evidence was pointed out by Nelson by demurrer to the evidence of the plaintiff, which demurrer was erroneously overruled by the court.

It may be objected that this was not an action for relief on the ground of fraud; that it was simply a proceeding against a garnishee; but legal proceedings, like things, are what they are in essence and not what they may be named.   The essential thing in this proceeding was that the plaintiff desired to be relieved from the legal consequences of the execution of these conveyances, and for this purpose he charged that they were fraudulently made.   That he charged this by his evidence, rather than by a formal petition, could make no difference in the nature and essence of his action, nor limit the right of the party against whom the relief was sought to urge the bar of the statute of limitations.

It is suggested, however, by the defendant in error, that this action was brought in less than two years after the notes became due.   We are unable to see how this would affect the issue.   An action might have been brought even before the notes were due and attachment had in such action.   An action for relief on

the ground of fraud must be brought within two years from the commission or discovery of the fraud. That the debt for the recovery of which the plaintiff sues was not due within that time, does not serve to extend this period of limitation.

We are of the opinion that the defendant Stull was not entitled to the cancelation of these conveyances after the expiration of two years from their execution without showing that he discovered their fraudulent character within the period of two years before the action was commenced, and as he did not so show, the court was in error in granting him the relief which it did.

The judgment of the court below will be reversed, and the case will be remanded for further proceedings.

JOHNSTON, POLLOCK, JJ., concurring.

OPINION ON REHEARING.

The opinion of the court was delivered by

CUNNINGHAM, J.: Upon the petition of the defendant in error the court ordered a rehearing of this case, and, upon very careful consideration of briefs filed and argument made upon such rehearing, we think there was no error in the former judgment. We are more than ever convinced that the proceeding was substantially a garnishment of effects in the hands of the executors; but whether this be true or not, still, defendant in error should not have prevailed, at least in this form of an action, because of the statute of limitations. An extended, elaborate and ingenious argument is made to the effect that proceedings in garnishment under our statute are but another form of a creditor's bill, and, as the general rule is that in such actions the period of limitation does not commence to run until judgment is obtained against the

principal defendant, that being the time when the right of action accrues, therefore, in this case, the defendant in error had two years from the time their notes matured in which to bring the action. The premises are not warranted by the facts.

Neither garnishment nor attachment proceedings under our statute are a creditor's bill. In such actions, using the language of this court in *Tennent v. Battey*, 18 Kan. 324, page 330 :

"The only right the plaintiffs have under the attachment is to use such measures as may be necessary to preserve this security until they can reduce their claim to judgment. They have no right to harass other parties with litigation that may prove fruitless, in trying to remove obstructions to the sale of the property, until they have first obtained the right to have a sale of the property made. When that right has been definitely settled, their lien having been preserved intact, they can then commence actions to remove obstructions in the way of their execution. But until this is done, they have no right to interfere with the claims of third parties."

More than this, the defendant in error, by adopting the procedure he did, certainly shut himself out from the benefits accorded those who pursue the well-beaten and clearly defined path of a creditor's bill. The only relief he sought against the plaintiff in error, John H. Nelson, was that the conveyances made to him by Mrs. Davis be set aside, and, as a corollary, that the property held by him thereunder be subjected to the payment of his claim against Mrs. Davis. Now, even as to the fraudulent conveyance of the real estate, this was not an action "for the recovery of real property" (*Main v. Payne*, 17 Kan. 608), and hence falls specifically within the limitation found in the fourth specification of the third clause of section 18 of the code of civil procedure (Gen. Stat. 1901, § 4446). If we

38—65 KAN.

should grant what the defendant in error so strenuously and ingeniously claims, that the garnishment law amounts to, and really is, a substitute for the equitable proceeding in the nature of a creditor's bill, still we must be bound by the plain provisions of the statute of limitations in the bringing of such proceedings. If Stull's action against John H. Nelson was not an action to recover real estate, which it was not, and if it was for relief on the ground of fraud, which, as developed by the evidence, it was, then it was barred, whether it be called a proceeding under the garnishment law, in aid of execution, or by creditor's bill. Viewed simply as an attachment, probably the same could be said of it, for an attachment might have been brought before Stull's notes became due. The remedy provided in such cases in sections 230 and 231 of the code of civil procedure (Gen. Stat. 1901, §§ 4677, 4678) is a right which a creditor has when he has made the showing as therein required, and not simply a matter of grace springing from the discretion of the court or judge.

By waiving the question, we do not wish to be understood as consenting to the proposition insisted upon by the defendant in error, that the proceeding by garnishment, as now found in our statute, *is* a substitute, or in any fair sense an equivalent, for that by a creditor's bill.

Even in a case where a creditor's bill was resorted to, it has been held that the limitation act hereinbefore cited barred the action. (*Gillespie v. Cooper*, 36 Neb. 775, 55 N. W. 302.) The citation of this case does not necessarily approve its doctrine.

The former judgment of this court will be affirmed.

All the Justices concurring.

BURCH, J., not sitting, having been of counsel.