PHILIP McNULTY *et al.* v. THE EXCHANGE BANK
OF STOCKTON, KANSAS.

No. 13,477.   (76 Pac. 395.)

SYLLABUS BY THE COURT.

PARTITION—*Right to Second Trial.* Where, in an action which, under the petition, is for partition only, the sole litigated question relates to plaintiff's title to the land sought to be partitioned, the action is in essence one in ejectment, and the defeated party is entitled to a second trial as of right, upon proper demand.

Error from Rooks district court; CHARLES W. SMITH, judge. Opinion filed April 9, 1904. Reversed.

*S. N. Hawkes*, for plaintiffs in error.

*W. B. Ham*, for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: The petition in this action was one solely for partition; it sought no other relief. At various stages in the progress of the case, and in various ways, the defendants attempted to bring into the case the question of plaintiff's title to the real estate being partitioned. The entire controversy, as developed by the evidence, related to plaintiff's title; so that upon the trial the questions litigated and determined were those which characterize an action in ejectment only. The plaintiff was not in possession. The court having rendered judgment for the plaintiff, the defendants demanded a second trial, in accordance with the statutory provision in cases of ejectment, which was denied. In this the court was in error. While the petition on its face was for partition only, still the case, as presented and tried, was in ejectment, and, so far as the litigated questions were concerned, in ejectment only.

An action is what its nature makes it and not what it is named. (*Nelson v. Stull*, 65 Kan. 585, 68 Pac. 617, 70 Pac. 590.) An action in ejectment cannot be made one in partition simply by calling it such. True, an action in ejectment and one for partition may be joined, but a plaintiff out of possession may not maintain an action in partition against a defendant in possession who denies his title, without first litigating, under pleadings properly formed, the question of title. (*Denton v. Fyfe*, 65 Kan. 1, 68 Pac. 1074, 93 Am. St. Rep. 272; *Chandler v. Richardson*, 65 id. 152, 69 Pac. 168.)

Many questions are raised in this case relative to the plaintiff's right of recovery. All of them turn about its right of title and consequent right of pos-

session.   We choose to pass on none of them.   The plaintiffs in error being entitled to a second trial upon their demand therefor, the questions now here as to title may not be again presented—at least, in their present form.

The case will be reversed, and remanded for a second trial, with the suggestion that the pleadings be so recast that all the issues involved may be properly presented and regularly tried.

All the Justices concurring.