No. 27,079.

C. C. GARD, *Appellant,* v. J. M. ST. JOHN and THE FARMERS STATE
BANK OF WESTMORELAND, *Appellees.*

SYLLABUS BY THE COURT.

LIMITATIONS OF ACTIONS—*Relief on Ground of Fraud—Two-Year Statute
Applicable.* In an action to recover a commission for procuring a pur-
chaser for land, it was alleged that a purchaser was procured by the plaintiff
and the commission earned but that the one who employed him, in order to
defraud him out of his commission, went through the form of having it
conveyed to himself and subsequently transferred it to the purchaser plain-
tiff had procured, *held,* that to recover on that cause of action the plaintiff
must show the fraud alleged and the action being for relief on the ground
of fraud, the statutory limitation of two years must be applied.

Appeal from Pottawatomie district court; MARTIN A. BENDER, judge. Opin-
ion filed January 8, 1927. Affirmed.

*Ira C. Snyder,* of Manhattan, for the appellant.
*A. E. Crane, B. F. Messick* and *A. H. Crane,* all of Topeka, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.:   This is an action by C. C. Gard to recover
from J. M. St. John, and the Farmers State Bank of Westmoreland, a
commission for procuring a purchaser of real estate of which he had
been deprived by the alleged fraudulent manipulation of the defend-
ants.  The plaintiff filed a petition containing two causes of action
and a demurrer being filed to each cause on the ground that the ac-
tion was barred by the two-year statute of limitations for relief on
the ground of fraud, the court sustained a demurrer as to the first
count and overruled it as to the second.  Plaintiff appeals.

It was alleged in the first count that St. John, the cashier of the
Farmers State Bank, in behalf of the owner, engaged plaintiff to
find a purchaser for the land, and agreed to pay him a commission
for that service; that he did find a purchaser named Charles White
and has earned the commission.  It appears from the pleadings that
Scritchfield was the owner of a tract of land, that he was deeply in
debt and had given a mortgage thereon to the bank for its indebted-
ness.  The land, it appears, was sold by the owner to St. John, the

Limitations of Actions, 37 C. J. p. 792 n. 95.

cashier of the bank, and was later conveyed by him to Charles White, the purchaser that plaintiff had procured. It was alleged the purchaser so found had paid the sum of $18,500 for the land, and that plaintiff had performed all of the acts required of him by the agreement, but that St. John, for the purpose of deceiving the plaintiff and defrauding him out of the commission, took the land in his own name and subsequently by deed conveyed it to White; that St. John claimed that he had sold the land to one Cravens, but it is alleged that his representations were fraudulent and false. It appears that more than two years had elapsed between the transaction and the filing of the petition and that the demurrer was sustained on the theory that it was a cause of action for fraud and was barred by the statutory limitation.

Under the facts stated the basis of the relief is the alleged deception and fraud of the defendant. It is not claimed that a purchaser that bought directly from the owner, or from one who sells his own property, would be required to pay a commission. To obviate a mere fraudulent pretense it was alleged by plaintiff that the land was in fact purchased by White, but that St. John, to defraud plaintiff out of his commission, went through the form of buying it for himself and then transferring it to White, and at the same time falsely representing that it had been sold to Cravens and by him conveyed to White. Under the averments of the petition the plaintiff must show fraud in order to be entitled to a recovery, and hence the action must be regarded as one for relief on the ground of fraud. (*Nelson v. Stull,* 65 Kan. 585, 68 Pac. 617, 70 Pac. 590; *Orozem v. McNeill,* 103 Kan. 429, 175 Pac. 633.) The bar of the statute on that kind of action having fallen the demurrer was properly sustained.

The judgment is affirmed.