## HELMS et al. v. STATE ex rel. MIFFLIN.

No. 19134. Opinion Filed June 4, 1929.

Geo. H. Montgomery and A. J. Follins, for plaintiffs in error.

L. E. Mifflin, S. W. Hayes, D. A. Richardson, and A. W. Gilliland, for defendant in error.

JEFFREY, C. On September 10, 1926, the state of Oklahoma, on relation of L. E. Mifflin, special county attorney, obtained a judgment in the district court of McCurtain county, Okla., against J. W. Williams et al. on a supersedeas bond in the sum of $9,000, which had theretofore been declared forfeited. An execution was issued on the judgment and returned "No property found." Thereafter, an execution was issued to the sheriff of Oklahoma county, but with no avail. Within a few days after the execution was issued to Oklahoma county, a garnishment summons in aid of execution was caused to be directed to the state of

Oklahoma, and was served upon the State Auditor on October 28, 1927. The State Auditor answered to the effect that the state of Oklahoma held no property belonging to the defendant, and was not indebted to the defendant in any sum. Thereafter, the State Auditor, on December 12, 1927, filed an affidavit in which it was stated that defendant had since the filing of his answer filed a claim with him for the sum of $5,755.71, for material furnished and labor performed in the construction of certain bridges under contract for the state of Oklahoma. The affidavit also disclosed that there was attached to the claim an estimate of work performed between the dates of October 24, 1927, and November 23, 1927, and duly approved by the State Highway Department. The claim contained an assignment to the American First National Bank of Oklahoma City. Thereafter the American First National Bank, with permission of the court, filed an interplea in the cause, by which it claimed all of the funds earned and to be earned by defendant under his contracts for the construction of certain bridges for the state of Oklahoma, by virtue of a certain assignment in writing under date August 19, 1927.

Hereinafter, the state of Oklahoma, on relation of L. E. Mifflin, will be referred to as plaintiff, J. W. Williams as defendant, the State Auditor as garnishee, and the American First National Bank of Oklahoma City as interpleader. The affidavit of the garnishee was treated as its answer. Upon application of plaintiff, the court ordered the garnishee to pay into court the money owing upon the claim referred to in the affidavit. Interpleader asked that the money be paid to it, and defendant filed a motion requesting that the order requiring the money to be paid into court be set aside, and the garnishee discharged. Issues having been joined upon the interplea and motion, a trial was had, resulting in a judgment in favor of interpleader for the sum of $3,800, the amount shown to have been advanced defendant by interpleader under the assignment, and the balance of $1,955.71 was ordered paid on plaintiff's judgment. From this judgment and the order overruling motion for new trial, defendant has appealed.

No complaint is here made of the action of the court in applying the sum of $3,800 to the claim of interpleader. As a matter of fact, defendant, who complains of the judgment rendered, contends that the entire amount should be paid to interpleader under the written assignment held by interpleader. For this reason it will only be

necessary to consider one proposition, although several propositions are separately briefed and argued. Since it is here conceded that interpleader is entitled to be preferred at least to the extent of $3,800 of the fund sought to be impounded, and since the estimate covers only four days' work, performed prior to service of the garnishment summons, we need not determine whether anything was owing at the date summons was served for the four days prior to the service of the summons. Defendant contends that the garnishment process impounded only such funds as were absolutely owing defendant at the time of the service of the writ. Plaintiff contends that the garnishment writ created a lien upon all funds which became owing up to the date of trial. The only evidence relating to the time during which the money included in the claim was earned, that we have been able to find, is the estimate itself, and that shows for work and material between the dates of October 24, 1927, and November 23, 1927. The writ of garnishment was served on October 28, 1927. But since garnishee could not have owed defendant for more than four days under the estimate, and since interpleader was entitled under its assignment to $3,800 of the fund, we may consider that no part of the estimate had been performed at the time of the service of the writ in so far as plaintiff's interest is concerned.

From the texts on the subject, and the numerous authorities examined, the following general rules are gathered. Garnishment proceedings are purely statutory remedies, and the statutory provisions relating thereto must be strictly complied with. Garnishment is not available to impound money unless there is an actual debt existing. This does not mean that the debt must be due and presently payable, but if there is an absolute debt owing the defendant, even though the period for its payment may not yet have arrived, the money thus owing may be reached by garnishment. Shinn on Attachment and Garnishment, pages 843 and 847. It is equally as well settled that a garnishee must stand indifferent to both plaintiff and defendant and that he can do nothing to aid either party to the suit. Shinn on Attachment and Garnishment, sec. 610. Rood on Garnishment, page 151, section 118, states the rule as follows:

"A debt to be garnishable must be owing absolutely and beyond contingency at the time the garnishment summons is served. The decisions on this subject are too numerous to be reviewed separately. * * *"

Numerous cases from about ten different

states are cited in support of the foregoing statement from the text. Several of the authorities do not appear to sustain the text for the reason that they are not clearly in point. However, we have been unable to find any cases construing statutory provisions similar to ours, which hold that the service of a writ of garnishment may establish a lien upon money or property which becomes owing by the garnishee after the service of such writ. The following authorities support the text: Foster v. Singer, 69 Wis. 392, 34 N. W. 395; Strauss v. Railroad Co., 7 W. Va. 368; Baltimore & O. Ry. Co. v. Gallahue, 14 Grat. (Va.) 563; Beverstock v. Brown, 157 Mass. 565, 32 N. E. 901; Clement v. Clement, 19 N. H. 460; Garland v. Sperling (N. M.) 30 Pac. 925. In Foster v. Singer, supra, where similar statutory provisions were under consideration, it was said:

"The statute fixes the liability of the garnishee upon the status of his relation to the principal defendant at the time the garnishee process is served."

The syllabus in that case is as follows:

"A specified salary per month, to be paid to an employee at the end of each month, is not liable to process of garnishment served upon the end of the month in which it is to be earned. It is neither then 'due' nor is it, within the meaning of section 3719, R. S., 'to become due,' because its becoming due depends upon a contingency."

And in Bradley v. Byerley, 3 Kan. App. 357, the court, in construing the applicable statutory provisions which became the garnishment law of this state by adoption, said:

"Garnishment proceedings bind only such property, moneys, and credits, not exempt by law from execution, as belong to the defendant, and in the possession of the garnishee, or owed by him at the time of the service of the process upon the garnishee."

Section 353, C. O. S. 1921, provides that any creditor shall be entitled to proceed by garnishment in the district court of the proper county against any person who shall be indebted to or have any property in his possession or under his control belonging to such creditor's debtor in the cases, upon the conditions and in the manner thereinafter described.

Section 367, C. O. S. 1921, provides, in substance, that from the time of the service of the summons upon the garnishee, he shall stand liable to the plaintiff to the amount of the property, moneys and credits in his possession, or under his control, belonging to the defendant, and of all debts due or to become due to the defendant except such as may be exempt by law from execution.

Sections 358 and 360, C. O. S. 1921, which provide the form and substance of a garnishee's answer, make provision for the garnishee to answer whether he owed defendant at the time the garnishment summons was served upon him or whether he owed him at the time of making his answer. These latter sections containing the provision that garnishee shall answer with reference to money or property at the time of answer appear to be merely for the purpose of requiring the garnishee to disclose to the court and the parties the facts with reference to indebtedness. It is no doubt intended that the garnishee should make a true and complete statement of the facts relating to any property held for or indebtedness owed to, a defendant. This having been done, it is for the court to say, under authority of the law, for what the garnishee shall account. It is intended that a garnishee should not escape liability for a debt owing, although such garnishee may honestly arrive at the conclusion that the debt was not, in fact, owing at the time the writ was served. The statutes nowhere provide that a garnishee may become liable for something which has its origin in transaction subsequent to the service of the writ of garnishment. The sections authorizing the use of the writ, indicate that the liability of the garnishee must be determined as of the date of the service of the process. In other words, the determining question is, Could the defendant have maintained an action against the garnishee, at the time the garnishment summons was served, to recover the debt or liability sought to be garnished, except for the mere fact that the time for the payment of the debt might have been fixed at a subsequent date? At the time garnishment summons was served upon garnishee, defendant could not have maintained an action against the garnishee for the amount of the estimate, nor for any amount in excess of $3,800, which is admitted to be due interpleader, for the reason that the work had not been performed. If the service of the writ did not affix a lien at the date of its service, no lien could attach by reason of the subsequent acts of the garnishee, nor by reason of his having subsequently become indebted to defendant. The statutes provide for successive garnishments. If a writ once served would reach all property and debts thereafter coming into existence prior to trial, there would be no need for successive garnishments. By a delay of

the trial, every garnishable debt arising over a course of years could be reached. This would result in unreasonable vexation, which the law does not tolerate. We conclude that only such funds as were owing absolutely and beyond contingency, whether presently due or not, at the time the garnishment summons was served, could be lawfully impounded; and that plaintiff was not entitled to have any sum in excess of $3,800 applied upon his indebtedness. No sum except perhaps for the first four days of the estimate was earned or owing absolutely at the time the writ was served. The balance of the estimate, at least, depended upon a contingency at the time the writ was served, and was not at the time garnishable. The judgment of the trial court is reversed, and the cause remanded, with directions to the trial court to discharge the garnishee and to release the sum of $1,955.71, which was ordered paid upon plaintiff's judgment.

HERR, DIFFENDAFFER, HALL, and LEACH, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 12 R. C. L. p. 779; 2 R. C. L. Supp. p. 1482; 7 R. C. L. Supp. p. 392.