**RUSSELL v. PROSPECT LODGE NO. 106, KNIGHTS OF PYTHIAS, et al.**

No. 23996. June 18, 1935.

E. Moore, for plaintiff in error.

C. M. Threadgill, for defendants in error.

GIBSON, J. Action was commenced in the county court of Coal county by defendants in error, hereinafter referred to as plaintiffs, against the plaintiff in error, hereinafter referred to as defendant, to recover judgment for a certain debt. At the time of the commencement of the action plaintiffs caused a writ of garnishment to be issued and served on one Denver N. Davison, executor of the estate of L. C. House, deceased. The executor answered showing an indebtedness to the defendant in the form of a duly approved claim against said estate, but the answer also stated that said estate was at that time heavily indebted and not ready for final settlement and distribution.

Certain collections were later made on behalf of said estate, and, the estate being considered solvent, the court, on application of the executor, ordered the executor to deposit with the court clerk a sum equal to defendant's allowed claim pending final outcome of the litigation between plaintiffs and defendant.

Thereafter, judgment was entered in favor of plaintiffs and against the defendant, and the court at the same time overruled defendant's motion to quash garnishment proceedings. From that order the defendant has appealed.

The appeal presents the question: Are funds in the hands of an executor subject to garnishment prior to the decree of the county court directing distribution of the estate?

Plaintiffs say that any person may be garnished under the provisions of section 610, O. S. 1931. That section provides that any creditor may proceed by garnishment against any person who shall be indebted to, or have any property in his possession, or under his control, belonging to such creditor's debtor.

The question here presented is directly before this court for the first time. However, in Johnston v. Byers State Bank, 141 Okla. 277, 284 P. 862, where it was conceded by the parties that funds held by an administrator were not subject to garnishment prior to decree of distribution, the court recognized the general rule to be as conceded, and, there being an absence of such legal remedy, allowed a creditor of an heir to proceed against such funds by proper bill in equity. In the syllabus it was said:

"* * * That administrators are not garnishable will not protect them from action in the nature of creditor's bill to obtain absconded debtor's distributive share."

In re Bartlett Oil & Gas Co. et al., 44 F. (2d) 616-620.

The section under consideration was adopted in whole from the statutes of Kansas, and the Supreme Court of that state has construed said section and applied the terms thereof to the question here under consideration. Nelson v. Stull et al., 65 Kan. 585, 68 P. 617. It was held in that case that "an executor or administrator is not subject to garnishment before a final order

for the distribution * * * is made." In this decision the Kansas court followed the rule recognized by the great weight of authority, as expressed in 12 R. C. L. 814, as follows:

"Funds held by executors or administrators in their representative capacity cannot be reached by garnishment proceedings, in the absence of a statutory provision to this effect, according to the great weight of authority. * * *"

And this rule is strictly adhered to in the later Kansas cases of McCarthy Hardware Co. v. Foust, 118 Kan. 431, 235 P. 867, and Munz v. Hill et al. (Kan.) 249 P. 590.

It has been urged that the Supreme Court of Kansas departed from the rule announced by it in Nelson v. Stull, supra, in its holding in Sherman v. Havens, 94 Kan. 654, 146 P. 1030. We find, however, that the apparent conflict between the cases of Nelson v. Stull, supra, and Sherman v. Havens, supra, was considered by the Supreme Court of Kansas in McCarthy Hardware Company v. Foust, supra, and the rule announced in Nelson v. Stull, supra, was approved, and the case of Sherman v. Havens, supra, was explained as follows:

"The hardware company cites the case of of Sherman v. Havens, 94 Kan. 654, 146 P. 1030 (Ann. Cas. 1917B, 394), in which it was held that, when the reason for the rule applied in Nelson v. Stull (65 Kan. 585, 68 P. 617, 70 P. 590) fails, the rule itself fails. In Sherman v. Havens, the executor was not simply an executor. He was testamentary trustee of a spendthrift trust, requiring payment to the beneficiary of $250 quarterly, in advance, from death of the testator to death of the beneficiary. The court held that no order for these payments was necessary, and, since the testator had not indicated that the payments were to be enjoyed free from claims of creditors, the executor-trustee was subject to garnishment. While in this instance it is likely that upon a hearing an order granting partial distribution would have been granted, nevertheless such an order was indispensable to liability of the administrator to garnishment."

Under our statutes governing the settlement of decedents' estates, it is rarely possible for the executor to know prior to the order of distribution whether or not the assets will be sufficient to pay all debts and expenses of administration. Under certain conditions claims may be presented and allowed at any time prior to the entering of such order (section 1233, O. S. 1931); and often considerable expense to the estate is incurred in connection with such claims. Therefore, in the present case, the allowed claim of the defendant against the deceased's estate would be uncertain as to the amount, if any, to be eventually received. Nothing except the probate court's decree of settlement of final account and distribution could definitely and finally fix the amount he should receive. If debts and expenses should prove greater than the assets, defendant's claim would never become due. That is contingent upon the existence of sufficient assets.

At the time the writ was served in the present case, the defendant had no cause of action against the executor. Unsecured debts against an estate are collectible only through presentation and establishment of claims as provided in the Probate Code. To be garnishable a debt must be actionable with the one exception that it need not be due at the time the writ is served. This is made plain by the holding of this court in Helms v. State, 137 Okla. 55, 280 P. 416, as follows:

"* * * A debt to be garnishable need not be due and payable at the time garnishment summons is served, but it must be owing absolutely and beyond contingency at the time the garnishment summons is served."

In that case it is said that the controlling question is, Could the defendant have maintained an action against the garnishee at the time garnishment summons was served, to recover the debt sought to be garnished, except for the mere fact that the time for the payment might have been fixed at a subsequent date?

In defining the necessary elements of garnishable debt, it was said in West Florida Grocery Co. v. Teutonia Fire Insurance Co., 74 Fla. 220, 77 So. 209, L. R. A. 1918 B, 968, as follows:

"Before a writ of garnnishment can be effective, there must be an 'indebtedness due,' at the time of the service of the writ, or at the time he makes his answer, or at any time between such periods, or which may become due absolutely by the lapse of time only. This excludes an indebtedness that may never become due according to circumstances yet to occur, or which is not determinable by a fixed and certain method of calculation. If there is anything contingent or to be done by a person before the liability of another becomes fixed, there is not such an 'indebtedness due' as contemplated by the statute to which a writ of garnishment can apply."

And the holding of the Florida court has been cited and followed by this court. Jacobs v. Colcord, 136 Okla. 158, 275 P. 649; Ray v. Paramore, 170 Okla. 495, 41 P. (2d) 73.

Plaintiffs say the debt in the present case is sufficiently free from contingencies to render it subject to garnishment in that the executor recognized the debt and deposited the full amount thereof with the court clerk, and for the further reason that the decedent's estate was solvent and would pay all debts in full. We cannot agree with this contention. At the time of service of the garnishment summons and the answer of the garnishee the solvency of the estate was uncertain, as plainly shown by the garnishee's answer. The deposit of the fund was not binding on any of the parties. It was, at any time prior to final settlement of the estate, subject to withdrawal under order of court to pay expense of administration if needed, and subject to pro rata claims of other creditors in the event the assets later proved insufficient to pay all claims in full. These contingencies were beyond the knowledge of any of the parties and of the county court at all times prior to final settlement of the estate. That the debt was not garnishable is further made plain by reason of the fact that at the time the writ was served the deposit had not been made, neither were there sufficient funds in the hands of the executor to make such deposit. The statutes nowhere provide that a garnishee may become liable for something which has its origin in transactions subsequent to the service of the writ. Helms v. State, supra.

For the reasons herein stated, the judgment is reversed, and the cause is remanded to the trial court, with directions that the garnishment proceedings be dismissed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, PHELPS, and CORN, JJ., concur. WELCH, J., absent.