**WEINSTEIN, Trustee, v. GRIGGS et al.**

No. 25398.    Sept. 17, 1935.

Rehearing Denied Nov. 5, 1935.

See, also, Bailey v. Griggs et al, 174 Okla. 90, 49 P. (2d) 695.

Hulette F. Aby, William F. Tucker, and Frank Settle, for plaintiff in error.

J. S. Severson, for defendants in error.

PER CURIAM. This action was commenced December 12, 1931, by the plaintiff to recover an attorney fee of $5,000 against the Patent and Trade-Mark Protection Company, a corporation, for services as an attorney.

A writ in garnishment was issued and served upon the Massachusetts Bonding & Insurance Company, a corporation, as garnishee, and it is admitted that the service of said summons in garnishment occurred more than four months prior to the adjudication of bankruptcy, which occurred July 27, 1932. The first answer of the garnishee, Massachusetts Bonding & Insurance Company, was filed February 17, 1932, and admits a conditional liability. Notice to take issue on the answer of the garnishee was duly served, and subsequent to this an amended answer in garnishment was filed, and it is sufficient to state that thereafter there was found to be an indebtedness which is not contested in this proceeding by the said garnishee, and there was paid into court the sum of $4,000,

and that the same is now held by the court clerk of Tulsa county pending this litigation.

Meanwhile there had been two petitions of intervention: One by Frederick W. Bailey, who claimed an interest in the fund garnisheed by virtue of an alleged contract for services rendered while assisting the plaintiff as attorney for the defendant, Patent and Trade-Mark Protection Company. The second petition in intervention is of the estate in bankruptcy of said corporation. Separate appeals have been filed.

The sole argument in this case is based upon the proposition of plaintiff in error stated as follows:

"We propose to show, however, that the garnishment summons did not have that effect (creating a lien) by reason of the fact that the garnishee did not answer by showing that it had property belonging to the defendant, Patent and Trade-Mark Protection Company, which it was unconditionally bound to pay or deliver, and that plaintiff, Griggs, took no exceptions to the answer of the garnishee."

The plaintiff in error is inadvertent in his statement that the plaintiff Griggs took no exception to the answer of the garnishee, for the record shows a notice to take issue with the answer of the garnishee and the conclusiveness of the indebtedness is found in the judgment of the court and in the fact that the garnishee has paid the money into court, and is not contesting the liability as to said indebtedness at this time.

It may be the intention of the plaintiff in error to claim that this notice was not properly served. Without deciding whether plaintiff in error could take advantage of that, in this appeal, we determine that is immaterial here. The only case cited relative thereto is Davis v. Lilly, 17 Okla. 579, 87 P. 302. There the garnishee denied any liability thereon and prosecuted an appeal from the judgment. Here the garnishee admits liability and paid the money into court, and has not appealed from the judgment of the court thereon. Without such payment into court of the amount found due from the garnishee to the defendant, the plaintiff in error would have no complaint against the defendant in error, as his sole case is based upon the fact that he is entitled to the money paid into court based upon such liability.

If it is the intention of the plaintiff in error to argue in the statement set out above that by the answer the garnishee can determine whether or not the lien is levied, it puts a very great power in the hands of the garnishee, for he could very cleverly refuse to make a definite answer as to the liability and extend the time in which the lien might attach in a garnishment proceeding at his own wishes.

Such is not the intent of the law, nor is it the declaration of judicial opinion expressed in the cited case of Helms v. State ex rel., 137 Okla. 55, 280 P. 416, or in any other case that we find. The testimony reveals, and in fact it is admitted in this case, that there was no liability of any kind actually created by anything that was done by either the plaintiff or the defendant, the Patent and Trade-Mark Protection Company, after the service of the garnishment summons, and whatever amount was due was due at the time of the service of said summons. And although plaintiff in error cites paragraph 4 of section 629, O. S. 1931, to the effect that the liability of the garnishee must be absolute and "without depending on any future emergency," he fails to point out what future emergency creates this liability of garnishee to the defendant and when that emergency occurred. As stated above, there was no such emergency, and such sums as were due to the defendant by the garnishee were due at the time of the service of summons in garnishment. The facts therefore differ from the case of Helms v. State ex rel., supra, and in this connection we quote from that case as follows:

"Plaintiff contends that the garnishment writ created a lien upon all funds which became owing up to the date of trial. The only evidence relating to the time during which the money included in the claim was earned, that we have been able to find, is the estimate itself, and that shows for work and material between the dates of October 24, 1927, and November 23, 1927. The writ of garnishment was served on October 28, 1927. But, since garnishee could not have owed defendant for more than four days under the estimate, and since interpleader was entitled under its assignment to $3,800 of the fund, we may consider that no part of the estimate had been performed at the time of the service of the writ, in so far as plaintiff's interest is concerned.

"From the texts on the subject and the numerous authorities examined, the following general rules are gathered: Garnishment proceedings are purely statutory remedies, and the statutory provisions relating thereto must be strictly complied with. Garnishment is not available to impound money, unless there is an actual debt existing. This does not mean that the debt must be due and presently payable, but, if there is an ab-

solute debt owing the defendant, even though the period for its payment may not yet have arrived, the money thus owing may be reached by garnishment. Shinn on Attachment and Garnishment, pages 843 and 847."

It may be seen, therefore, that the authorities hold that the fact of indebtedness and not the answer of the garnishee determines whether or not the lien is established.

It appearing, therefore, that the lien was established in this cause by actual levy of writ, or service of summons in garnishment upon the garnishee, and that thereafter the court found that the indebtedness was in the amount of $4,000, which indebtedness is not contested in this appeal by the garnishee, we hold that the lien was created on said fund on the date of the service of the summons in garnishment, and is superior to the lien created subsequently by the adjudication of bankruptcy of said defendant and the appointment of the trustee to succeed to such assets as the said defendant corporation owned. The judgment of the trial court is, therefore, affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.