CORRELL, Adm'r, v. OKLAHOMA STATE BANK.

No. 31871. June 19, 1945.

*159 P. 2d 711.*

C. F. Green, of Ada, for plaintiff in error.

Kerr, Lambert & Conn, of Ada, for defendant in error.

WELCH, J. The administrator sought actual and punitive damages against the bank because of the fact that the bank, by order of the district court, paid certain funds deposited to the account of the administrator to another.

After motions to strike and to make more definite and certain were acted upon, and after answer and reply, the trial court rendered judgment on the pleadings in favor of defendant. This appeal followed.

The record reflects the following: Thos. P. Holt had recovered a judgment against the administrator which had the effect of declaring a lien upon certain specific funds held by the administrator. That judgment had become final after appeal to this court. Correll, Adm'r, v. Holt et al., 191 Okla. 622, 132 P. 2d 953, to which refer for further facts and nature of the judgment.

After mandate issued in that case Holt applied to the trial court for garnishment summons upon the bank. Same was issued and the bank disclosed by answer that it had on deposit to the credit of the administrator the sum of $3,064.05.

It is clear that such deposit represented funds received from the source

discussed and considered in Correll, Adm'r, v. Holt, supra. The district court thereupon directed the bank to pay to Holt the sum of $1,995 and $17.50 costs. The bank complied with such order. All of the above proceedings, after mandate in the above case, were had and done on the 10th day of March, 1943, and without notice to the administrator, who was a resident of California, and not then within the State of Oklahoma, though administrator of the estate pending in Pontotoc county, Okla.

The present petition was filed April 10, 1943.

In this appeal plaintiff first asserts:

"Funds on deposit in a bank and held by said depository, for the benefit and credit of an estate under administration and under the supervision of the county or probate court, and where no final order has been made by said county court distributing said funds to those entitled thereto, is not subject to garnishment.

"That a court does not acquire jurisdiction to adjudicate the property rights of a nonresident in garnishment without process being served upon the judgment debtor.

"That an execution cannot be issued upon a judgment rendered in the district court against an administrator."

Plaintiff cites Russell v. Prospect Lodge No. 106, 172 Okla. 622, 46 P. 2d 478; 58 O. S. 1941 § 345, and other authorities as supporting his claim that funds held by an administrator during administration are not subject to garnishment. This is correct as to general funds actually belonging to the estate. It is not true, however, as to these specific funds which have been judicially determined by the court in an action between the parties to be impressed with a lien in a specific amount, as fully shown by the decision in the Holt Case, supra. The practical application of that case is that these specific moneys to the extent of $1,995 never became assets of the estate, but were held by the administrator and the bank only as trustees for the use and benefit of Holt.

By the judgment and opinion in the Holt Case, supra, the estate of Mary Correll was excluded from any beneficial interest in $1,995 of such specific fund. It therefore must follow from the pleadings here that the estate could have suffered no damage in the premises. We think that so far as damage to the estate is concerned it would be the same had the bank voluntarily paid the funds to Holt. We therefore need not consider the question of notice.

Plaintiff further contends:

"That the court erred in sustaining the motion of defendant for judgment on the pleadings.

"That said judgment is not sustained by the law of the case."

And,

"That where a party holding a lien, either under the statute or under and by virtue of a judgment, they waive their lien when they institute garnishment proceedings based upon said lien and must either stand or fall upon their garnishment proceedings."

What is contended thereunder can in no wise affect the statement which we have already made concerning the lack of the pleadings to set forth any damages to the estate.

The judgment of the trial court is affirmed.

GIBSON, C.J., HURST., V.C.J., and OSBORN, BAYLESS, and DAVISON, JJ., concur.