David W. JOHNSON, Appellant,

v.

FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, a foreign corporation (Garnishee), et al., Appellees.

No. 44853.

Supreme Court of Oklahoma.

Aug. 1, 1972.

Sanders, McElroy & Carpenter, David H. Sanders, Jr., Tulsa, for appellant.

Knight, Wilburn & Wagner, by Ray H. Wilburn, Tulsa, for appellees.

LAVENDER, Justice:

This appeal arises in a tort action by the appellant, David W. Johnson, a resident of Tulsa County, Oklahoma, as plaintiff, against the appellees, Pear A. Reese and Vern Reese, residents of the State of Kansas, as defendants. The action is for damages allegedly resulting from a collision, on a highway in Kansas abutting the defendants' farm, between a cow allegedly owned by the defendants and an automobile belonging to the plaintiff and being driven by his minor son.

In his petition, the plaintiff named the appellee, Farmers Alliance Mutual Insurance Company, as garnishee, alleging that it was a foreign insurance corporation licensed to transact, and transacting, insurance in the State of Oklahoma, which had issued to the defendants, in the State of Kansas, a public liability insurance policy which obligates the insurer to defend these defendants and to pay any damages (within limits in excess of his claim) arising out of, and occasioned by, their operation of their farm. He further alleged that, by reason of the above-mentioned incident, and the insurance policy, there is a debt due and owing from the garnishee to these defendants, which, by being subjected to garnishment in the action, gives the trial court jurisdiction over the defendants to the extent of such debt.

A certified copy of a single summons for the defendants and the garnishee was sent by the court clerk, by certified mail with receipt requested, to each defendant at their home address in Kansas, and to the garnishee in care of the Insurance Commissioner of the State of Oklahoma, at Oklahoma City. Receipts of the defend-

ants and Insurance Commissioner were returned and filed in the case. No other service is indicated by the record on appeal.

The trial court sustained special-appearance objections by the defendants and the garnishee to jurisdiction and venue, and dismissed the action. This appeal is from that order.

Plaintiff cites three Oklahoma cases as showing the extent to which this court has gone in upholding in personam jurisdiction of Oklahoma courts over nonresident defendants so long as federal requirements of due process are met. Genet v. Smith, Judge (1965), Okl., 400 P.2d 161, involved the 1963 statute now appearing as 12 O.S. 1971 § 187, as originally enacted. Hines v. Clendenning, Judge (1970), Okl., 465 P.2d 460, involved that statute as amended in 1967, and the 1965 statute now appearing as 12 O.S.1971 § 1701.03. The action in B. K. Sweeney Company v. Colorado Interstate Gas Company, Trustee (1967), Okl., 429 P.2d 759, arose prior to the enactment of either of those statutes and in personam jurisdiction over the defendant foreign corporation, not domesticated in this state, depended upon whether or not the cause of action arose out of its doing, engaging in, or transacting business in this state within the contemplation of 18 O.S.1961 §§ 1.17(c) and 1.204a.

A foreign corporation is not involved in the present case as a defendant. The appellant's petition shows clearly that his alleged cause of action against the defendants did not arise out of any activities, on the part of the defendants or their agents, enumerated in 12 O.S.1971 § 187 or § 1701.-03. While he relies upon service of process outside the state on these defendants, under 12 O.S.1971 § 1701.04, as meeting the requirements of due process by giving them notice of the action and an opportunity to defend against it, he recognizes that in this case the trial court's jurisdiction, insofar as the defendants are concerned, could only be in rem with respect to the insurer's obligations to them under the pleaded insurance policy. He contends that garnishment of those obligations to the defendants provides the required basis for jurisdiction to render a money judgment against them within the limits of the policy.

Aetna Casualty & Surety Company of Hartford, Connecticut v. Gentry (1942), 191 Okl. 659, 132 P.2d 326, cited by the plaintiff, does not support that contention. In that case, the plaintiff was injured in a collision, on a highway in Kansas, with a truck owned by an Illinois corporation. The defendant, a foreign corporation authorized to transact insurance in Oklahoma, had issued a liability insurance policy, in the State of Kansas, to satisfy the requirements of the Kansas truck-permit statutes. The action, against the insurer only, was based upon the insurer's contractual liability under the liability policy which, pursuant to the permit statutes, imposed upon the insurer a "direct, primary and several liability" to any member of the public who might sustain damages within the coverage of the policy. The insured was not a party to the action, and garnishment was not involved. Summons for the corporation was served upon the Insurance Commissioner as its designated service agent. This court held that the fact that the collision occurred outside this state did not defeat the trial court's jurisdiction over such an action. The principle in that case is not applicable here.

In support of his contention that the insurer's obligations to the insured under a public liability insurance policy are subject to garnishment, the plaintiff cites two New York cases, Seider v. Roth, 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N.E.2d 312, and Simpson v. Loehmann, 21 N.Y.2d 305, 287 N.Y.S.2d 633, 234 N.E.2d 669, which followed the Seider case purely on the basis of stare decisis. He does not refer to the Oklahoma garnishment statutes or any Oklahoma case construing them.

■ In this state, garnishment not in aid of execution is a species of attachment. Butler v. Breckenridge, Judge (1967), Okl.,

442 P.2d 313, 315. A proceeding in garnishment is a special and extraordinary remedy given only by statute, and must be conducted in substantial conformity with the conditions set forth in the statutes. La Bellman v. Gleason & Sanders, Inc. (1966), Okl., 418 P.2d 949.

We deem it unnecessary to quote the garnishment statutes, but call attention to the statutes now appearing as 12 O.S.1971 §§ 1171, 1172, 1173, 1174, 1182, and 1186.

In Russell v. Prospect Lodge No. 106, Knights of Pythias, et al. (1935), 172 Okl. 622, 46 P.2d 478, 480, this court said:

"* * * To be garnishable a debt must be actionable with the one exception that it need not be due at the time the writ is served. This is made plain by the holding of this court in Helms v. State, 137 Okl. 55, 280 P. 416, as follows: '* * * A debt to be garnishable need not be due and payable at the time garnishment summons is served, but it must be owing absolutely and beyond contingency at the time the garnishment summons is served.'

"In that case it is said that the controlling question is, Could the defendant have maintained an action against the garnishee at the time garnishment summons was served, to recover the debt sought to be garnished, except for the mere fact that the time for payment might have been fixed at a subsequent date?"

■ Before discussing the present situation, we note that the Oklahoma garnishment statutes contain no requirement that there be some connection between a plaintiff's cause of action and the indebtedness or property sought to be subjected to garnishment. Immediately after the collision involved in this case—if the plaintiff's contention were correct—any person claiming to be a creditor of these defendants could have garnisheed exactly the same obligation of this insured to these defendants, as

the jurisdictional basis for a money judgment on his claim. A judgment in garnishment thereon would, to the extent of the amount thereof, nullify and defeat the real purpose of the insurance policy involved.

■ As we see the situation, at the time the present garnishment proceeding was instituted, the insurer's obligation to the insured, under the terms of the liability policy as alleged by the plaintiff, would have been rather simple and uncomplicated. That obligation would have been to pay, *to the judgment creditor*, upon behalf of the insured, any valid judgment which might, thereafter, be rendered against the insured for damages within the coverage and limits of the policy, after having been notified by the insured of the commencement of an action for such damages and having had an opportunity to defend against such action upon behalf of the insured. If no such judgment were ever rendered—a distinct possibility at that time—no indebtedness would accrue under the policy.

We could not, in good conscience, apply the theory of the cited New York cases to this insurance policy as pleaded by the plaintiff.

At the time this garnishment proceeding was instituted, the insured could not have maintained an action against the insurer to recover an amount owing the insured (or on behalf of the insured) under the insurance policy pleaded by the plaintiff—not because the time for payment was fixed at a subsequent date, but because no amount was owing absolutely and beyond contingency. And, as mentioned above, personal jurisdiction of the defendants could not be based upon the statutes now appearing as 12 O.S. 1971 §§ 187 and 1701.03.

The order of the trial court is affirmed.

DAVISON, V. C. J., and WILLIAMS, JACKSON, IRWIN, HODGES, and McINERNEY, JJ., concur.