**DPW EMPLOYEES CREDIT UNION, Appellee,**

v.

**TINKER FEDERAL CREDIT UNION, Appellant,**

**and**

**David Sisco, Defendant.**

No. 85805.

Court of Appeals of Oklahoma, Division 4.

Sept. 3, 1996.

Lyle R. Nelson, Eric Leeviraphan, Lyle R. Nelson, P.C., Oklahoma City, for Appellee.

Barry K. Roberts, Norman, for Appellant.

## SUMMARY OPINION

RAPP, Chief Judge.

Garnishee, Tinker Federal Credit Union, appeals the trial court's order awarding trial court plaintiff and garnishor, DPW Employees Credit Union, a judgment against Tinker for the amount of the trial court defendant David Sisco's property in Tinker's possession and control on the date of service of DPW's garnishment summons.

The facts are not in dispute. DPW obtained a judgment in the amount of $1,111.30 and costs against Sisco on January 25, 1995. DPW issued a garnishment summons which was served on Tinker at 4:50 p.m. on February 9, 1995. On that date, Tinker held $621.14 in Sisco's account. The next day, February 10, 1995, Sisco filed his petition for bankruptcy and Tinker received notice of the bankruptcy. Sisco filed notice of his bankruptcy in the small claims action on February 13, 1995.

Tinker answered the garnishment summons on February 15, 1995, stating 11 U.S.C. § 362 (1993 & Supp.1996) [1] prevented it from paying the funds it held in Sisco's account in accord with the garnishment summons. DPW filed a Notice to Take Issue with Garnishee's Answer on March 6, 1995. DPW argued the section 362 bankruptcy stay provisions did not apply to garnishment summons served prior to bankruptcy filing.

---

1. 11 U.S.C. § 362 (1993 & Supp.1996) provides, in part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

Tinker filed a declaratory judgment action requesting that the trial court determine the applicability of section 362's automatic stay provisions on DPW's garnishment action. The trial court, apparently ignoring the automatic stay provisions of section 362, entered judgment for DPW and found Tinker liable under 12 O.S.1991, § 1185 [2], for its failure to pay to DPW the funds in Sisco's account at the time it received the garnishment summons. Tinker appeals.

The issue presented is whether the federal bankruptcy stay, under 11 U.S.C. § 362, required Tinker, as garnishee upon notice of Sisco's bankruptcy, to retain Sisco's funds until further order of the Bankruptcy Court.

■ This issue is one of law and we therefore review the issue de novo. De novo review is not necessarily a full hearing or new fact finding. *Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984).

Tinker correctly asserts that releasing Sisco's funds to DPW would have been a violation of the bankruptcy stay. DPW argues that because service of the garnishment summons occurred prior to the bankruptcy, the section 362(a) stay is inapplicable as to Tinker. In the trial court, DPW erroneously relied upon *Weinstein v. Griggs*, 174 Okla. 481, 50 P.2d 638 (1935), which is inapplicable because the garnishment summons in *Weinstein* occurred more than four months before filing of the bankruptcy petition. *See Zestee Foods, Inc. v. Phillips Foods Corp.*, 536 F.2d 334 (10th Cir.1976). DPW also erroneously argues that 12 O.S.1991, § 1185, is controlling and that Tinker, on receipt of the garnishment summons, was required to freeze Sisco's funds then in his account for payment to DPW.

■ In Oklahoma, a garnishment lien attaches at the time the garnishment summons is served upon the garnishee. *First Mustang State Bank v. Garland Bloodworth, Inc.*, 825 P.2d 254, 259 (Okla.1991). Immedi-

ately upon the summons being served on the garnishee, the debtor's property in the possession or control of the garnishee is placed in custodia legis or in the custody of the court. *Berry–Beall Dry Goods Co. v. Adams*, 87 Okla. 291, 293, 211 P. 79, 81 (1922). However, service of the garnishment summons does not transfer title of the property to the judgment creditor/garnishor. *Frontier Federal Sav. and Loan Assoc. v. Commercial Bank, N.A.*, 806 P.2d 1140, 1142 (Okla.Ct.App.1990).

■ Here, DPW attempted to enforce the garnishment lien and obtain possession of the funds in Sisco's account from Tinker concurrently with the bankruptcy action. The plain reading of section 362(a) clearly states that the filing of the petition in bankruptcy "operates as a stay," which is automatic and extremely broad in scope. It is applicable to most formal and informal actions against the debtor or estate property. *In re Zunich*, 88 B.R. 721, 724 (Bankr. W.D.Pa.1988). The automatic stay also applies to judicial proceedings. *Bailey v. Campbell*, 862 P.2d 461, 467 (Okla.1991); *see Steele v. Guardianship and Conservatorship of Crist*, 251 Kan. 712, 840 P.2d 1107 (1992). The U.S. District Court in *Chicago Painters' and Decorators' Pension, Health and Welfare and Deferred Sav. Plan Trust Funds v. Cunha*, 121 B.R. 232, 233 (N.D.Ill.1990) (quoting *In re O'Connor*, 42 B.R. 390, 392 (BankrE.D.Ark.1984)), held "[B]ecause a garnishment proceeding is simply an 'indirect proceeding or act to collect, assess and recover a claim against the debtor,' it too must be stayed once a bankruptcy petition is filed."

We therefore hold that DPW's post-bankruptcy petition efforts to enforce its garnishment summons against the judgment debtor's property held by Tinker constituted a clear violation of 11 U.S.C. § 362(a)'s stay provision and that the trial court erred in entering judgment against Tinker for the amount of the garnished funds.

---

2. 12 O.S.1991, § 1185, provides, in part:

From the time of the service of the summons upon the garnishee he shall stand liable to the plaintiff to the amount of the property, moneys, credits and effects in his possession or

under his control, belonging to the defendant or in which he shall be interested, to the extent of his right or interest therein, and of all debts due or to become due to the defendant, except such as may be by law exempt from execution.

We note that DPW's answer brief contained materials not of record which were not stricken. However, we find merit in Tinker's application for attorney's fees and order this matter remanded to the trial court for a *Burk*-style hearing for a determination of the amount of fees to be granted Tinker to be paid by DPW.

The trial court's judgment is reversed and vacated. The matter is remanded for further proceedings on attorney's fees.

TAYLOR, P.J., and REIF, J., concur.