Waite v. Teeters.

## R. B. WAITE v. JACOB TEETERS, *et al.*

1. FORCIBLE ENTRY AND DETAINER; *Practice.* An action of forcible entry and detainer by a landlord against a tenant for the restitution of the whole or a part of a farm does not necessarily involve the ownership of the corn grown by the tenant upon the farm during his occupancy; and a judgment in such action is no bar to an action by the tenant against the landlord for the conversion of such corn, or to any after-action brought by either party.

2. DEPOSITION, *When No Objection to Reading.* No person can be compelled to attend for examination on the trial of a civil action except in the county of his residence; and hence the fact that a witness is temporarily in or passing through another county at the time and place of the trial therein, is no objection to the reading of his deposition previously taken for use at such trial.

3. JURY — *Knowledge of Value — Error.* A question arose in the trial respecting the value of unripe and unharvested corn which was alleged to have been wrongfully converted at a place remote from a general market, and no testimony was presented to the jury of the value of such corn at the time and place of conversion. *Held,* That the knowledge of the value of that particular corn is not common to persons generally, and a direction to the jury that they might use their general knowledge in determining its value was misleading and erroneous.

### *Error from Cowley District Court.*

ACTION by *Teeters* and another against *Waite,* to recover damages for the conversion of a one-half interest in certain corn. Trial at the April Term, 1885, and judgment for plaintiffs for $179.59 damages, and $215.35 costs. The defendant brings the case here. The opinion states the facts.

*S. D. Pryor,* for plaintiff in error.

*Samuel Dalton,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This is an action brought by Jacob Teeters and Peter McKinley against R. B. Waite, to recover for the conversion of a one-half interest in the corn grown upon sixty acres of land, the damages being placed at $300. It appears

that on the 11th day of February, 1884, Waite leased his farm in Cowley county to C. J. Hess and L. F. Hess, for a term of one year; and the lease, as well as the statute, provided that the lessees should not underlet the premises to any other person without the consent of the lessor in writing having been first obtained. A few days after this lease was executed the Hesses sublet a portion of the farm to Teeters and McKinley, for the same rental provided for in the original lease. It is claimed that Waite was fully informed with reference to this underletting; and that, with his consent, Teeters and McKinley planted and cultivated sixty acres of corn upon the farm. In July, 1884, the Hesses sold their interest in the lease to Waite, and left the premises; and in August of the same year a disagreement arose between Waite and Teeters and McKinley, with regard to the lands which they had sublet; and Waite instituted an action of forcible entry and detainer before a justice of the peace, which resulted in a judgment in favor of Waite. Later, Waite refused to allow Teeters and Kinley to go upon the farm and harvest the corn which they had planted and cultivated, or to remove the same from the premises. They then brought the present action, alleging that Waite had wrongfully converted and appropriated one thousand bushels of their corn to his own use. The jury awarded them a verdict for $179.59. The plaintiff in error invokes the doctrine of *res judicata*, and insists that the court erred in not holding that the judgment rendered in the action of forcible entry and detainer before the justice of the peace, between the same parties, is a bar to the present action. We agree with the trial court, that the doctrine does not apply in this case. Only such matters as were directly in issue and determined in the former action are *res judicata* and conclusive upon the parties in the subsequent litigation. In the first action the only question that was or could be litigated was, whether the defendants in error had made an unlawful and forcible entry upon the premises of the plaintiff, or, having a lawful and peaceable entry upon the lands, were unlawfully

and by force holding the same. The action for the conversion of the corn grown on the premises,

1. Forcible entry and detainer; practice.

although between the same parties, was wholly different in form and in the issue involved from the first one. The plaintiff in the first action might be entitled to a restitution of a part of the premises only, or in fact to a restitution of all the premises, without affecting the defendants' ownership of the property situate on the land, or the corn which had grown upon the premises and was owned by them, and without affecting their right to go upon the premises for the purpose of taking the corn away. It does not clearly appear that the right of the defendants to the corn which they had planted and cultivated was adjudicated or necessarily involved in the first action. But, apart from this consideration, the ruling of the district court must be sustained. The action of forcible entry and detainer is of a summary character; and the legislature has expressly provided that judgments in such actions, either before a justice of the peace or in the district court, shall not be a bar to any after-action brought by either party. (Comp. Laws of 1879, ch. 81, §160.)

Objection is made to a ruling permitting the deposition of C. J. Hess to be read. The objection is that he was in the county of Cowley when the trial was had. There is testimony tending to show that the witness was temporarily in the county on the morning of the day of trial, and expressed a purpose of going at once to his home, but it does not appear that the defendants in error had any knowledge of his presence in the county, or that his attendance at the trial could have been procured by them. The witness had removed from Cowley county and was a resident of Comanche county when the deposition was taken, as well as when the trial was had. The mere fact that the witness was temporarily in or passing through the county on the day of trial, is no objection to the reading of his deposition that had been regularly taken. No person can be

2. Deposition, when no objection to reading.

compelled to attend for examination on the trial of a civil action except in the county of his residence. (Civil Code,

§ 328.)   And the deposition of a witness may be used in a civil case when the witness does not reside in the county where the trial is to be had.  (Civil Code, § 346.)

The next objection made by the plaintiff in error is to the following instruction:

"That the measure of damages, if you find that the corn was converted, was the value of the corn as it stood in the field at the place and time of the conversion; and in arriving at such value you may take into consideration the kind and character of the corn, the number of acres, where it was situated, and all the circumstances of the case; *and you have also a right, in arriving at the value of the corn, to call to your aid what knowledge you possess in common with mankind generally.*"

As the evidence is presented here, we think that part of the instruction which directed the jury that they might use their own knowledge in determining the value of that particular corn was misleading and erroneous. The value of the corn was to be determined as it stood in the field and at the time the alleged conversion occurred, which was September 10, 1884.   It was then unripe and unharvested, and no witness undertook to state what it was then worth.   Not a syllable of testimony was offered in regard to its value per bushel, by the acre or other measure, in that neighborhood or in fact anywhere.   The case cited, of *M. R. Rld. Co. v. Richards,* 8 Kas. 101, correctly decided that in making up their verdict the jury are to use the knowledge and experience which they possess in common with mankind generally; but the court there distinctly says that the jury cannot use and apply the knowledge they may have of the particular case on trial, and that if any juror has such knowledge he should be sworn.   Here, the court directed the jury that they might use their knowledge in finding the value of this particular corn standing unripe and unharvested in a place somewhat remote from a general market.   There was testimony offered of the quality and location of the corn, and the jury could take notice that corn such as that described was of some value, and this would have justified a finding of nominal

value, but from the verdict we see that far more than nominal damages were allowed. The jury could apply their general knowledge and experience to the facts in arriving at a conclusion upon many other matters; but the value of unripe corn standing in a particular field somewhat distant from a railroad and a market, was not common knowledge, and was a fact to be proven in the case. The jury, collected as it probably was from all occupations, may have been constituted in part from farmers resident in the locality, who were conversant with the demand and supply of corn like that in controversy, and also of other facts sufficient to enable them to form a correct opinion upon its value; but such information is special; and not common to even other members of the jury following a different occupation and who resided in other parts of the county, and can be used only when given in testimony. (*U. P. Rly. Co. v. Shannon*, 33 Kas. 446; *M. R. Rld. Co. v. Richards*, 8 id. 101.)

In view of the lack of testimony upon this phase of the question, and of the misleading character of this instruction, we think the court below should have granted a new trial. Its judgment will therefore be reversed, and the cause remanded for that purpose.

All the Justices concurring.