Soden v. Roth.

---

### S. F. SODEN v. L. W. ROTH.

**No. 336.** ( 61 Pac. 500.)

RES JUDICATA—*Forcible Entry and Detainer—Subsequent Action.* The action of forcible entry and detainer is of a summary character, and the legislature has expressly provided that judgments in such actions, either before a justice of the peace or in the district court, shall not be a bar to any subsequent action brought by either party. ( *Waite v. Teeters*, 36 Kan. 604, 14 Pac. 146.)

Error from Lyon district court; W. A. RANDOLPH, judge. Opinion filed June 19, 1900. Affirmed.

*I. E. Lambert,* and *L. B. & J. M. Kellogg,* for plaintiff in error.

*Madden Bros.,* for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J. : Mrs. S. F. Soden, plaintiff in error, was the owner of the farm in controversy. L. W. Roth, defendant in error, had been her tenant for the year 1893 ; he had a written lease terminating March 1, 1894. For the year 1894, by oral agreement this lease was extended for another year, terminating by its terms March 1, 1895. Plaintiff served a written notice on defendant in error to quit the premises. This was followed by a second notice, in writing, to quit, which was served on March 15, 1895. On March 22, 1895,

Mrs. Soden commenced an action in justice's court for forcible detainer against L. W. Roth, alleging an unlawful detainer of the premises after a peaceable entry as her tenant.    The unlawful detention was claimed to have been from March 1, 1895.    The case was tried and a verdict and judgment rendered for the plaintiff for the restitution of the premises.    A writ of restitution was duly served and possession of the farm restored to Mrs. Soden.    No appeal was taken from the judgment rendered in justice's court.    Afterward L. W. Roth commenced this suit in the district court of Lyon county. The issues are fairly stated by the trial court as follows :

"This action is brought to recover $873, which is claimed for damages sustained by plaintiff, by reason of the defendant having wrongfully deprived him of the possession and use of certain lands occupied by him as her tenant, and for certain improvements alleged to have been put on the place of the defendant, which plaintiff claims he had a right to take away, but which defendant refused to permit him to remove, and converted the same to her own use."

The principal question presented is, Was the defendant in error's right of recovery barred by the judgment in the forcible entry and detainer suit between the same parties?    The action of forcible entry and detainer is of a summary character, and the legislature has expressly provided that judgments in such actions, either before a justice of the peace or in the district court, shall not be a bar to any subsequent action brought by either party.    (*Waite v. Teeters*, 36 Kan. 604, 14 Pac. 146.)

This section is broad, but its meaning cannot be construed to be that a party on being defeated could immediately commence another action, and so *ad infinitum*.    The right of possesion, which is the only

question that can be litigated in a case of forcible entry and detainer, when determined, may be set up in a plea of *res judicata.* In the case under consideration the plaintiff is not seeking possession of the land, but damages for the rental value, improvements made, seed furnished, etc. It is true that it was decided in the former case that he was not entitled to possession, and it is now contended that he could suffer no damages for the use or rental value of premises to which he did not have the right of possession, but, under the statute relating to judgments in actions of forcible entry and detainer, we do not think the former judgment can be set up as a bar to this action.

The judgment of the district court will be affirmed.