KATE CONNELLY, APPELLANT, V. CITY OF OMAHA, APPELLEE.

FILED MAY 24, 1907. No. 14,578.

1. **Justice of the Peace: JURISDICTION.** It is a well-established rule in this state that a mere claim of title will not oust a justice of the peace of jurisdiction in a forcible entry and detainer case, but the justice may proceed until it is shown by competent evidence that the defendant is claiming possession under a *bona fide* claim of title.

2. **Judgment: RES JUDICATA.** A fact within the jurisdiction of the court, litigated and determined in a forcible entry and detainer suit, cannot again be brought in question between the same parties.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*David Van Etten,* for appellant.

*John P. Breen, W. H. Herdman, Harry E. Burnam* and *I. J. Dunn, contra.*

EPPERSON, C.

In November, 1900, in a forcible entry and detainer action the defendant herein obtained judgment against the plaintiff for the restitution of the real estate here in controversy. Plaintiff brings this action, alleging that she is the owner of the property, and asks that defendant be restrained from enforcing its judgment for restitution. She also asks that the title be confirmed in her as against any claim or demand of defendant. No fraud or irregularity was alleged or proved to impeach the judgment for restitution. In *Shufeldt v. Gandy,* 34 Neb. 32, it was held: "The jurisdiction of courts of equity to set aside judgments at law will be exercised only when it appears that the judgment complained of is unconscionable, and when the party applying had no opportunity to make defense, or was prevented from so doing by accident or the fraud of the opposing party." In the opinion by Judge POST it is further said: "The rule is well settled that the party seeking relief in equity from a judgment at law must show clearly that the judgment complained of is the result of fraud, accident, or mistake, and not of his own negligence." In *City of Broken Bow v. Broken Bow Water Works Co.,* 57 Neb. 548, it was held: "To justify an injunction to restrain the enforcement of a judgment it is not sufficient to show that the judgment debtor had a valid defense. It must be shown that he was prevented from interposing it by fraud, mistake, or accident, and without fault on his part." We know of no reason why the same rule should not apply to judgments for the restitution of real estate.

In the forcible entry and detainer case the defendant

herein alleged a lease then existing between the parties under which the plaintiff herein was in possession of the property.  Plaintiff, as defendant in that action, set up fraud in the obtaining of the lease.  On this issue the forcible entry and detainer action was tried and resolved against the plaintiff herein.  It is a well-established rule in this state that a mere claim of title will not oust a justice of the peace of jurisdiction in a forcible entry and detainer case, but that the justice may proceed until it is shown by the evidence that defendant is claiming possession under a *bona fide* claim of title. *Green v. Morse,* 57 Neb. 391; *Lipp v. Hunt,* 25 Neb. 91; *Smith v. Kaiser,* 17 Neb. 184; *Pettit v. Black,* 13 Neb. 142; *Leach v. Sutphen,* 11 Neb. 527; *Clark v. Tukey Land Co.,* 75 Neb. 326.  In the forcible entry and detainer case the claim of title by adverse possession was also interposed by the plaintiff herein, but the justice court considered, in the face of the lease, that the evidence did not support the defense, and that the claim of title by adverse possession was not made in good faith.  Ordinarily a judgment of ouster in a forcible entry and detainer case is not a bar to an action in relation to the title, since one person may own the title and another may hold the right of possession for a term.  In *Dale v. Doddridge,* 9 Neb. 138, it was held: "The judgment of a justice of the peace, or of the district court, in proceedings in forcible entry and detainer, is conclusive in that proceeding on the matter in issue at the time of its rendition, unless such judgment is reversed or modified by proceedings in error.  But the judgment is no bar to another action in relation to the title of the premises."  The above rule, however, is not broad enough to permit an action to restrain the enforcement of restitution.  As stated in the rule quoted, such judgment is conclusive on the matter in issue at the time of its rendition.  The specific issue of fact, which the justice of the peace had jurisdiction to try, was litigated, and we are bound by the adjudication that plaintiff was in possession under a lease with defendant; and, in the absence of fatal irregularity

in the former proceeding, the judgment for restitution should not be enjoined.

Plaintiff's contention that she is entitled to a decree quieting title as against any claim or demand of the defendant is based on the theory that the judgment for restitution is a cloud upon her title. To grant her such a decree would be in fact an annulment of the judgment, or an injunction against its enforcement, which, as above shown, cannot be done in this case.

Many errors are assigned in the admission and exclusion of evidence, but as the assigned errors do not pertain to the regularity of the former judgment the court's rulings were without prejudice, and further discussion is not necessary.

We recommend that the judgment of the district court be affirmed.

AMES, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.