PRICE v. INSANDE.

*Real property—Judgment for landlord and restitution in
    forcible entry and detainer—Action by tenant for breach
    of contract not barred.*

A judgment in favor of a landlord, in an action in forcible
    entry and detainer, under which a writ of restitution is
    issued and the tenant evicted from the property, is not
    a bar to an action for damages by the tenant against
    the landlord for a breach of contract.

(Decided November 26, 1923.)

ERROR: Court of Appeals for Summit county.

*Messrs. Myers & Dinsmore,* for plaintiff in error.
*Messrs. Wilcox, Berk, Coble & Berk,* for defend-
ant in error.

PARDEE, J. The parties stand in this court as
they did in the court below, in which court the
plaintiff, P. L. Price, in his second amended peti-
tion alleged substantially the following facts:

That on or about the 15th day of January, 1921,
the plaintiff and the defendant, Sarah B. Insande,
entered into a verbal contract by which the de-
fendant agreed to give the plaintiff a written lease
upon the defendant's farm in Northampton town-
ship in said county, which she did not do; that
plaintiff and defendant were to be equal owners
of all the stock upon the farm except the horses,
which were to be furnished by the plaintiff; that
each should share equally in the expense of keeping
the stock, including the horses; that each should

Judgments, 34 C. J. § 1365.

share equally the profits of the farm; that the plaintiff should furnish the work and labor for conducting the enterprise; that the defendant should advance the funds for the purchase of the stock, seed, feed and equipment, but that plaintiff's share of such cost should be evidenced by his promissory notes secured by mortgage on the stock or articles furnished; that possession of the property was to be taken as soon as practicable after the terms were agreed upon, and the term of the lease was to end April 1, 1922.

Pursuant to this agreement, plaintiff claims that he moved onto said farm on the 2d day of February, 1921, commenced doing the farm work, and proceeded generally to carry out his contract in a way that would be profitable to both parties. Plaintiff claims that by the 4th of April he had done considerable work upon said farm, and had the same well advanced for that season of the year; that eight cows had been purchased, and milk was then being sold.

On or about the last-mentioned date, by reason of some undisclosed dissatisfaction, the defendant, while the plaintiff was absent from the farm, drove away the cows and locked them in a place unknown to the plaintiff, and at the same time removed a gas engine and other articles, and on or about the 13th of April, 1921, defendant entirely abandoned the contract and later forced plaintiff to vacate the property. Plaintiff further claims that he complied in all respects with the contract, was prepared fully to complete the same, and was doing so until prevented by defendant; that he was deprived of any compensation for his services, already performed, and of the profit that would have inured

to him during the term of the contract. He asked for a judgment for damages.

Substantially all of these facts were admitted by the defendant except that she denied having agreed to purchase the stock, seed, feed, and equipment, and to take the notes and mortgage of plaintiff. The defendant claimed in this respect that each of the parties to the agreement was to furnish one-half of the seed and feed, and that the plaintiff failed to do so, and she claimed by way of defense that a judgment was rendered in her favor in an action in forcible entry and detainer before a justice of the peace of the county, under which judgment a writ of restitution was issued and the plaintiff evicted from the property, and that the judgment thus rendered was *res adjudicata* and constituted a complete defense.

The plaintiff in his reply admitted that a writ of restitution was issued, but denied that judgment in said action was entered in proper form.

The case went to trial upon the issues thus made, and, at the conclusion of the plaintiff's case, upon motion of defendant, the court directed a verdict for her, and a judgment was entered thereon. This action of the trial court was based upon the theory that the judgment rendered before the justice was a complete bar to any further inquiry as to the rights of said plaintiff growing out of said contract, as shown by the pleadings and the evidence.

The plaintiff claims that the judgment rendered by the justice was not technically correct, but we do not find that this claim is sustained; but, if it were, it would not be material, as the plaintiff in any event was evicted by the acts of the defendant.

The action of forcible entry and detainer in Ohio

is a special statutory proceeding and is a speedy and summary method provided by law for the recovery of the possession of real estate in the cases especially enumerated in the statute, Sections 10447 and 10449, General Code. The only question raised, therefore, in the proceedings before the justice, was the right of possession of the real estate; and the demands of the plaintiff as to damages for the improper termination of the contract, and the other claims set out in his petition, were not and could not have been an issue in that case.

By the special provisions of the statutes of this state, a judgment rendered in an action in forcible entry and detainer before a justice of the peace, or in the Court of Common Pleas, is not a bar to a later action brought by either the landlord or tenant. (Section 10450, General Code.) This statute is an exception to the general rule relative to *res adjudicata,* and leaves open for further consideration in a proper court disputes between the parties growing out of the same subject-matter. It is well known to the bench and bar of Ohio that in cases of forcible entry and detainer, in which a judgment is rendered for the tenant, the landlord frequently starts another suit almost immediately, either before the same or some other justice of the county, and it is also well known that a series of such suits has been started by landlords to harass and annoy tenants where prior judgments have been rendered in favor of such tenants. This statute by its terms provides that it shall apply to "either party," and is thus available to the tenant as well as the landlord.

The action of the plaintiff in the court below

was one at law for damages for a breach of contract, and the issues raised therein were not and could not have been litigated in the action before the justice of the peace. Under these circumstances, therefore, the plaintiff had a right to have the questions raised by the pleadings and evidence submitted to the jury for its determination, and if the jury found from the evidence that the plaintiff was free from fault, and that the defendant improperly terminated the contract, he would be entitled to damages if able to show any to the satisfaction of the jury.

The defendant, to support her contention, cited the case of *George Bieler Sons Co.* v. *Rist,* 18 N. P., (N. S.), 534, and relied upon the reasons set forth therein.

The opinion in that case was based upon the authority of Tiffany on Landlord and Tenant. In that case the tenant by cross-petition asked for damages for an unlawful eviction by the landlord, and in commenting upon Section 10450, General Code, the court says:

"This refers to an action in forcible entry and detainer and cannot have any reference at all to a tort growing out of an alleged eviction where it was made in pursuance of the judgment."

It might be enough for us to say that that case was an action in tort, while the suit we have to decide is one growing out of a breach of a contract. But in examining the Code section we are unable to discover that it makes any distinction between an action founded upon tort and one founded upon a breach of contract. If the section should be held to apply only to future cases in forcible entry and detainer between the same parties, the words

"either party," included therein, would be meaningless, because the tenant never brings such an action against his landlord, and the occupier of land under other circumstances could not use these proceedings to quiet his title and possession.

Proceedings for forcible entry and detainer are set forth in Chapter 13, of Title II, of Part III, of the General Code, and are included in Sections 10447 to 10461, both inclusive. Section 10449 begins by stating that "Proceedings under this chapter may be had," etc., and Section 10451 begins by stating that "A party desiring to start an action under this chapter," must etc. And Section 10450 states that "Judgments under this chapter * * * shall not be a bar to a later action brought by either party." It will be noticed under these three sections that provision is made for "proceedings under this chapter," "actions under this chapter," and "judgments under this chapter," but in Section 10450, where reference is made to "a later action brought by either party," the later action referred to is not limited to an action "under this chapter" as are the original "proceedings" and "actions" and the "judgments." In our judgment Section 10450 is not limited in its application to future actions between the same parties in forcible entry and detainer cases only, but is broad enough and inclusive enough to prevent a judgment in forcible entry and detainer cases from becoming a bar to any subsequent action brought by either party growing out of the same subject-matter, whether that action be founded upon tort or breach of contract. We are therefore unanimously of the opinion that this section prevents "judgments under this chapter" from becoming a bar to a

later action brought by either party in any court, and that if the Legislature had intended to limit the effect of such section to proceedings under Chapter 13 of Title II of Part III of the General Code it would have so stated.

For the reasons stated, we are of the opinion that the judgment of the trial court was erroneous, and the same ought to be and hereby is reversed, and the cause is remanded for further proceedings as provided by law.

*Judgment reversed, and cause remanded.*

FUNK, P. J., and WASHBURN, J., concur.