No. 28,116.

CLARA M. ALDRED and ELSIE DAUGHERTY, *Appellees*, v. G. W. HOGAN et al., *Appellants*.

(277 Pac. 289.)

Opinion on rehearing filed May 4, 1929. (Original opinion filed December 8, 1928, and set aside.)

*C. O. McGill,* of Hutchinson, for the appellants.

*Frank U. Russell,* of Hutchinson, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This action, prosecuted by Clara M. Aldred and Elsie Daugherty against G. H. Hogan and Esther Hogan, his wife, is one to collect unpaid installments for the purchase of real property, to have the amount unpaid declared a lien on the property, and to foreclose the lien. Judgment was rendered in favor of the plaintiffs, and the defendants appeal.

An opinion in this action was filed December 8, 1928. This court, without a motion therefor, ordered a rehearing in the action. The former opinion is set aside and revoked. The facts are restated.

On March 1, 1920, Anthony Dull, by written contract, leased to G. H. Hogan certain real property in the city of Hutchinson for a

period of sixty-seven months for the sum of $1,000, with interest at the rate of eight per cent per annum, payable $15 each month. By the terms of the lease G. H. Hogan was to pay all taxes and assessments and keep the house on the property insured for the benefit of Anthony Dull. On the same day the same parties entered into a written contract, by which Anthony Dull gave to G. H. Hogan the right to purchase the property on the payment of one dollar on or before the first day of October, 1925, after the terms of the written lease had been fully performed by G. H. Hogan. Afterwards Anthony Dull died, leaving as his heirs two daughters, the plaintiffs herein. The petition alleged that $38.50 of taxes for the years 1923, 1924 and 1925, $500 rent, and $95 interest had not been paid. The answer alleged full compliance with the terms of the lease; that the defendants were not indebted to the plaintiffs in any sum whatever; that the defendant Hogan was the owner of the property; and that on March 20, 1926, one of the plaintiffs, Clara M. Aldred, for herself and as assignee of the other plaintiff, Elsie Daugherty, commenced an action against G. H. Hogan before a justice of the peace in Reno county in forcible detention to recover possession of the real property, and joined therewith an action to recover the unpaid rent provided for in the lease, reducing the amount of rent claimed to $300 so as to place it within the jurisdiction of the justice of the peace. That action was tried and judgment was rendered in favor of the defendant G. H. Hogan, declaring that Clara M. Aldred was not entitled to the possession of the property, and that the defendant therein was not indebted to the plaintiff in any sum for rent. No appeal was taken from that judgment.

The question for determination is: Does the judgment in favor of the defendant before the justice of the peace bar the plaintiffs' claim for recovery of the unpaid installments provided for in the contract for the purchase of the property? The complaint in the forcible detention action was entitled, "Clara M. Aldred, Plaintiff, v. G. H. Hogan, Defendant." Nothing was said in the complaint about Elsie Daugherty being interested in the property, nor about her having assigned her claim for rent to Clara M. Aldred. The bill of particulars on which the plaintiff in the forcible detention action sought to recover $300 for rent showed that the property on which rent was claimed was that which the plaintiff sought to recover in that action.

The present action was tried without a jury, and the court found—

"That $550 only has been paid on the lease indirectly applicable to the optional contract, and that the taxes are due and unpaid for four years last past, so that under and by virtue of the terms of the contract itself the owner is entitled to have the same forfeited and canceled, . . . that the contract in the petition set out should be canceled and held for naught for default of defendant thereunder, and that possession and occupancy of said real estate . . . should be given plaintiffs, and their possession and title confirmed in them, and that defendant is now in default in payments under said above-mentioned contract and taxes in the sum of $678.58, with interest at 8 per cent from July 19, 1927, and payments heretofore made, are forfeited."

The court ordered—

"That said contract in the petition set out, giving defendant an option of purchase of said real estate, be forfeited and canceled and held for naught, and the occupancy of the defendant and his possession of said premises be forfeited, and plaintiffs give entire and unrestricted possession of occupancy of same; and that the sheriff of Reno county do place said plaintiff in possession and occupancy; provided, however, that within sixty days from the date of this decree the defendants shall pay off and discharge to plaintiffs the unpaid balance due plaintiffs, due under said contract, or shall pay same into court for the use and benefit of plaintiffs, then in that event upon payment of said sum of $678.58, and interest and taxes being completed, title, possession and occupancy shall be to defendant under said option contracts."

Section 61-1301 of the Revised Statutes gives to a justice of the peace jurisdiction over actions in forcible detention of real property, but section 61-1303 provides that—

"Judgments either before a justice or in the district court, in actions brought under this article, shall not be a bar to any after action brought by either party."

There is another matter that is fatal to the defendants' claim and that is that the plaintiff in the action before the justice of the peace was not the same as the plaintiffs in the present action. There Clara M. Aldred was plaintiff; here she and Elsie Daugherty are plaintiffs. In the former action the subject matter was the exclusion of the defendant from the possession of the property and the collection of rent; here the plaintiffs seek to recover the unpaid installments on the option contract for the purchase of the land, to have the amount unpaid declared a lien on the land, and to have the lien foreclosed.

The parties to the former action were not the same as those in the present action, the subject matter of the litigation was not the same, and the justice of the peace did not have jurisdiction to determine whether the rights of Hogan under the option contract had been forfeited.

The judgment is affirmed.