Nos. 35,440, 35,779

CHARLES I. MCHENRY, *Appellant,* v. MRS. EFFIE HUBBARD, *Appellee.*

(134 P. 2d 1107)

Opinion filed March 6, 1943.

*C. J. Evans,* of Topeka, argued the cause for the appellant.

*Mark L. Bennett,* of Topeka, argued the cause, and *John S. Dean, Jr.,* of Topeka, was on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: The question in this appeal is the force and effect to be given G. S. 1935, 61-1303, which provides that judgments in forcible detainer actions shall not be a bar to any after action brought by either party. As a lease and pleadings in two actions are involved, hereafter we shall refer to the parties by their surnames.

McHenry commenced his action in the district court, docketed as No. 59,022, on October 2, 1941, and on October 13, 1941, he filed an amended petition in which he alleged that on February 15, 1940, Hubbard, owner of certain real estate in Topeka, leased the same to him under written lease, a copy being made a part of the amended

petition. Briefly stated, the lease was for three years and provided that McHenry was to make certain repairs on specified parts of the leased premises; and that he would furnish the labor and material therefor, and that Hubbard would credit him with the first year's rent therefor, the rent thereafter to be $25 per month. It was further agreed the house would need a new roof and that McHenry would put new roofing on when needed, the price fixed being dependent on Hubbard's choice of type of roofing, and that he was to be given credit on his second year's rent for the cost. It was further alleged that in March, 1940, McHenry did construct the roof, the cost of labor and material being $168, and that Hubbard was indebted to him therefor, which under the lease was to be applied on the second year's rent. The petition also contained eight other causes of action (Nos. 2 to 9, inc.) alleging, in substance, that by virtue of oral contracts with Hubbard, he had expended the following:

| | | |
|---|---|---|
| Action 2. | Repairing gutters | $30.00 |
| Action 3. | Replacing window shades | 50.00 |
| Action 4. | Repairing plumbing | 50.00 |
| Action 5. | Alterations in walls | 65.00 |
| Action 6. | Replacing screens | 50.00 |
| Action 7. | Repairing cement walk | 25.00 |
| Action 8. | Repairs to wiring | 190.00 |
| Action 9. | Carpenter work | 28.50 |

Summarizing, McHenry alleged that Hubbard breached her obligations in the lease and subsequent agreements and failed to give him credit on the rent and that he was entitled to keep possession until the amount due him in the sum of $625 was credited to him as rent at the rate of $25 per month. He further alleged that Hubbard had breached the contract in that she caused execution to issue from the Court of Topeka in case No. 58,882, and if permitted to be executed he would be deprived of and would lose the fruits of his labor and material; that Hubbard was execution proof and he would suffer irreparable injury, and that on account of the foregoing he was entitled to have an order restraining Hubbard, and the marshal of the Court of Topeka, who had been made a party defendant, from interfering with his possession. His prayer was for a restraining order, and on hearing for an injunction.

Hubbard filed an answer containing a general denial, and alleging that on August 2, 1941, she filed an action, docketed as case No. 54,052, in the Court of Topeka, for possession of the real estate and

that McHenry filed an answer and cross petition alleging the same matters set forth in the amended petition in the present action, and on hearing that court entered judgment in favor of Hubbard; that McHenry attempted to appeal to the district court where the case was docketed as No. 58,882; that Hubbard moved to dismiss the appeal for the reason the bond was defective, the motion being.sustained. Copies of all pleadings and orders referred to were made part of the answer, which further alleged that all matters raised in the instant case had been fully settled and determined in the Court of Topeka. We shall not detail proceedings in the Court of Topeka further than to say the complaint in forcible detainer charged that McHenry, under the lease, was in arrears of rent for five months; that requisite proceedings had been had and Hubbard was and since March 1, 1941, had been entitled to possession of the leased premises. Hubbard prayed judgment for $125 and costs and for possession. McHenry's answer, among other things, claimed credit for $168 for roof repairs, $50 for window shades, $50 for screens, $50 for plumbing repairs, and for other work the sum of $———. He also claimed credit for $27.50 for carpenter work done on other property of Hubbard. He alleged that by reason of the above there was no rent due, but that he had made payments sufficient to pay all rents due and for some months in the future. The journal entry of judgment in the Court of Topeka shows that a trial was had and judgment was rendered for Hubbard against McHenry for $150 and costs and for possession. McHenry's notice of appeal and his appeal bond need not be reveiwed. On September 29, 1941, both parties appeared in the district court on Hubbard's motion to dismiss McHenry's appeal. That court sustained the motion.

To this answer McHenry filed a reply consisting of a general denial.

Thereafter Hubbard filed a motion alleging the reply raised no issue of fact and failed to state any fact to controvert the allegations of Hubbard's answer; that matters pleaded in her answer are matters of public record, and a part of the records of the district court, and as such show the truth of her answer, which is a complete defense to McHenry's petition, and that the pleadings show on their face that Hubbard is entitled to judgment for which she moved. The trial court heard this motion and sustained it, and McHenry appeals.

Generally, the question presented by this appeal is the conclusiveness of the judgment of the Court of Topeka. Under G. S. 1935,

20-1902, that court has the same jurisdiction as justices of the peace; therefore, we direct our attention to the code of civil procedure before justices of the peace.

For present purposes, it is noted that the territorial legislature adopted a code of civil procedure before justices of the peace, providing for actions in forcible detainer and further:

"That judgments, either before the justices or in the court of probate, under this article, shall not be a bar to any after action brought by either party." (Laws 1858, ch. 42, § 127.)

In 1859 this code, with minor changes, was reënacted, the principal change in the above section being to substitute "in the district court" for "in the court of probate" and "under this head" for "under this article." (Laws 1859, ch. 87, § 119.) In 1868 our statutes were generally revised. Under G. S. 1868, ch. 81, § 158 *et seq.*, provision was made for civil procedure before justices of the peace in actions in forcible entry and detainer. The section now under consideration appeared as section 160 and read as follows:

"Judgments, either before a justice or in the district court, in actions brought under this article, shall not be a bar to any after action brought by either party."

This section has never been changed and now appears as G. S. 1935, 61-1303. Without reviewing the sections providing for trial, judgment and execution thereon, it is noted that by section 171 (G. S. 1868, ch. 81) the officer should execute the writ within ten days unless the officer receive notice from the justice of the peace that proceedings had been stayed by proceedings in error. This section was not changed until 1923, when in the revision of that year the words "proceedings in error" were replaced by the word "appeal." (See G. S. 1935, 61-1314.) The particular sections dealing with forcible entry and detainer made no specific reference to appeals, but in provisions for appeals generally under the justice of the peace code, it was provided by section 132 that no appeal should be allowed in an action for forcible entry and detainer or forcible entry of real property. In the code of civil procedure governing district courts (G. S. 1868, ch. 80) provision was made for proceedings in error from the justice of the peace court to the district court (§ 540) for filing of a petition in the district court setting forth errors complained of, for issuance of process and for trial (§ 544) and for the giving of an undertaking to secure costs and for certain damages and double rents, where the judgment complained of directed de-

livery of possession of lands by the plaintiff in error (§ 557). Other provisions setting forth consequences following judgment either for plaintiff in error or defendant in error need not be noted. In contrast to proceedings in error, which generally involved questions of law, it is noted that in those cases under the justice's code where appeals could be taken to the district court, that the trial in the district court was *de novo* (G. S. 1868, ch. 81, § 124). (And see G. S. 1935, 61-1003.)

G. S. 1868, ch. 81, § 132, providing that no appeal should be taken in a forcible entry and detainer action, was amended by Laws 1870, ch. 88, §§ 10 and 11, to remove the prohibition against appeals and to provide a direct appeal in such actions, these latter sections now appearing as G. S. 1935, 61-1010 and 61-1011.

The statutes with reference to forcible entry and detainer as thus amended or as affected by the acts above mentioned, remained unchanged until enactment of Laws 1905, ch. 338, which made a change in conditions of the notice precedent to bringing such an action when based on nonpayment of rent (see G. S. 1935, 61-1304) and thereafter until the amendment by Laws 1915, ch. 264, which required that if the action be brought because of nonpayment of rents, the complaint must allege the fact and set forth a verified account of the amount claimed to be due and the summons must state the amount for which judgment would be taken, as in civil suits for the recovery of money (see G. S. 1935, 61-1305) and if upon trial the complaint be found true, in addition to recovery of possession there should be judgment for the amount of rent due and for costs, as in civil suits for the recovery of money. (See G. S. 1935, 61-1309.)

The precise question in this appeal pertains not to after actions concerning title to real estate involved, or to other possible actions that might follow between the parties, but to whether the matter of the right of possession and recovery of rents, without more, may be relitigated after a trial in which a judgment has been rendered and from which no effective appeal has been taken. McHenry contends that the section, never having been specifically amended, means just what it says and that any judgment rendered in a forcible detainer action is not binding in any after action brought by either party. Hubbard contends, in effect, that the section is not subject to such a construction, but in any event, the effect of the amendments noted and of the related statutes is such that in a case like the one now before us, the judgment of the Court of Topeka, or of a justice of the peace, is binding and conclusive on the parties and *res judicata.*

This precise question has never been decided by this court. In determining what the answer is, we examine the statute, its source, and interpretations placed upon it or similar statutes by other courts. Preliminary to that examination, it may be well to observe some general rules of statutory construction. A statute adopted from another state carries with it the construction placed upon it by the courts of that state. (*Bemis v. Becker,* 1 Kan. 226; *Stebbins v. Guthrie,* 4 Kan. 353; *Webb v. Comm'rs of Butler Co.,* 52 Kan. 375, 34 Pac. 973; and *Nelson v. Stull,* 65 Kan. 585, 68 Pac. 617, 70 Pac. 590.) But where a statute is not peculiar to the state from which it was adopted, and other states have substantially the same statute, which their respective courts have construed differently, where the construction placed upon it by the state from which it was adopted is opposed to the weight of reason and authority, such a construction will not be followed. (*State v. Campbell,* 73 Kan. 688, 85 Pac. 784, 9 L. R. A., n. s., 533.)

Statutes pertaining to forcible entry, forcible entry and detainer and forcible detainer were enacted in England many years ago, and provided for actions of criminal and civil nature, the article on forcible entry and detainer in Giles Jacob's Law Dictionary (4th ed.), published in 1739, concluding:

"Though Forcible Entry is punishable either by Indictment or Action; the Action is seldom brought, but the Indictment often."

Although our statute contains some language usual to a criminal proceeding (see G. S. 1935, 61-1310, where on trial by a jury it may find a verdict of guilty or not guilty), the action is now a civil action. Compare *Hale v. Brown,* 119 Kan. 303, 239 Pac. 963.

Our research has been somewhat limited both by time and available sources of information but we find that as early as 1784 the Commonwealth of Massachusetts, by chapter 8 of its laws of that year, provided for actions in forcible entry and detainer triable before two justices. We need not examine all of its provisions but note that any judgment of the justices of the peace may be removed by certiorari into the Supreme Judicial Court held in the county and there quashed for irregularity, if any there be, "nor shall such judgment be a bar to any after action brought by either party." Apparently the above chapter was amended in 1825, for it appears by Revised Statutes of Massachusetts, 1836, p. 627, ch. 104, that the above provision was changed to read:

"The judgment in such action shall not be a bar to any action, thereafter to be brought by either party, to recover the premises in question, or to recover damages for any trespass thereon; but the sum, if any, recovered for rent, according to the provisions of the two preceding sections, shall be allowed and deducted in any assessment of damages, upon such a subsequent action by the original plaintiff." (1. c. 629.)

It appears from Illinois Historical Collections, Vol. XVII, "Laws of Northwest Territory," page 247, that there was adopted for the government of the territory the provisions for forcible entry and detainer from the Massachusetts code. It appears further from the Statutes of Ohio and of the Northwest Territory, edited by Salmon P. Chase and published in 1833, that the Massachusetts act was effective in Ohio Territory on September 1, 1795 (see p. 188 *et seq.*), and that the act was amended after statehood by an act passed February 2, 1805, but which retained the provision the judgment should not be a bar to any after action brought by either party. (See p. 482 *et seq.*) In more recent years the Ohio statute has been reënacted and now contains a provision, quite similar to that in the Kansas statute, that the judgment shall not be a bar to any after action.

Insofar as our research discloses the statutes of the several states, referred to in the decisions hereafter mentioned, arise from a common source. We are cited to no case decided prior to 1858 dealing specifically with the question in the case at bar.

In the case of *Smith v. Findlay,* decided in 1855 by the Superior Court of Cincinnati, Ohio, and reported in 2 Handy's Reports, 69, it appears that plaintiff alleged he had a legal estate in and was entitled to the possession of a lot. The defense was that before commencement of the action, an action for unlawful detention had been brought by the plaintiff against the defendant before a justice of the peace and on judgment the defendant had prosecuted a writ of error to the court of common pleas, which writ was pending, and that subsequently another action for unlawful detention had been brought, judgment had, another writ of error had been prosecuted and that it was pending. The pendency of these proceedings was relied on as a defense. Attention is directed in the opinion to the provision that a judgment in a forcible detainer action is no bar to an after action. The court held that the action being prosecuted was in ejectment and entirely different from an action for forcible detainer, and that the pendency of the latter actions was no defense.

More to the point is *Laver v. Canfield,* 7 Ohio Cir. Ct. Rep. (n. s.)

389, decided in 1905. In that case plaintiff brought an action for forcible detainer which resulted in a judgment for defendant. Thereafter plaintiff brought a similar action before another justice of the peace and defendant made a showing of the proceedings and judgment first had and contended it was an adjudication between the parties and a bar to the pending action. The justice of the peace denied the contention and the case was carried to the court of common pleas which reversed the justice of the peace. An appeal was then taken to the circuit court and it is the opinion of that court which is reported. Limits of space preclude a full review of the opinion which states that whether the provision is to be literally construed had never been decided by the supreme court of Ohio. The court held the provision was to be literally construed and reversed the court of common pleas, and affirmed the judgment of the last justice of the peace.

Our attention is also directed to *Price v. Insande,* 20 Ohio App. 19, 153 N. E. 163. Summarizing, the plaintiff brought an action to recover damages growing out of operations on leased premises of which plaintiff was a tenant. Defendant claimed by way of defense that in a forcible detainer action judgment had been rendered in her favor and that such judgment was *res judicata,* and constituted a full defense. The trial court held the defense good. On appeal it was held that in Ohio actions in forcible detainer are special proceedings and a speedy and summary method of recovery of possession of real estate, and the only question therefore in such proceedings was the right of possession, and that demands for damages for improper termination of the contract and other claims set out in the petition were not and could not have been an issue in the forcible detainer case. After directing attention to the statutory provision of no bar to another action by either party, the appellate court reversed the trial court.

The opinion in *Dale v. Doddridge,* 9 Neb. 138, decided in 1879, discloses that Doddridge had leased certain real estate to Dale and had later made a contract of sale of the premises to him. The rent was not paid and Doddridge commenced a proceedings in forcible detainer before a justice of the peace and had judgment in his favor. Dale appealed and the district court affirmed and appeal was then taken to the supreme court. On the trial Dale had offered in evidence the transcript of proceedings in the county court showing that in a forcible detainer proceedings between the same parties Dale had

prevailed. This offer was rejected. After quoting the provision of the Nebraska code that a judgment in forcible action and detainer should not be a bar to any other action by either party and stating the question was whether after a judgment was rendered the provision authorized other actions *ad infinitum*, or whether the judgment upon matters in issue was conclusive in that form of proceeding until modified or reversed, the court reviewed the case of *Kelly v. Nicholas*, 10 Ohio St. 318 (which we may state did not involve the provision as to after actions), and then said:

"That the judgment of the justice is a final judgment from which error will lie there is no question. And as between the parties in that proceeding as to the matter put in issue, it is final, until modified or reversed, there is no doubt. If a party upon being defeated in an action, could immediately institute another, and upon being defeated in that at once bring another action, and so on, indefinitely, the proceeding would be an expensive farce, determining nothing, and binding no one by the adjudication. But such is not the law. No appeal is allowed, but either party may have the judgment reversed for errors appearing on the record. But the judgment in this proceeding, whether rendered before a justice of the peace or in the district court, is not conclusive as to the title, as it determines only the right to the possession. *Harvie v. Turner,* 46 Mo. 444. Taylor's Landlord and Tenant, § 793. The judgment, therefore, is no bar to any other action in relation to the title to the premises. The court therefore erred in excluding the transcript offered in evidence, it being apparent that the detention complained of is the same as that upon which this action is predicated." (l. c. 145.)

In *Burkholder v. Hollicheck*, 4 Neb. Unofficial Rep. (Lindsay) 655, decided in 1903, the action was for forcible entry and detainer. In a previous action the plaintiff had failed because of want of service of the statutory notice to quit. Defendant attempted to plead that judgment as a bar. Among other things the court reveiwed the decision in *Dale v. Doddridge,* supra, and called attention that in that case the finding the first action was barred by the statute of limitation was *res judicata,* and that was a question involved in that case, while in the case being considered the want of notice was not involved. The opinion then states:

"We think the provision of the statute above quoted must at least be given force enough to hold that such a judgment shall be no bar to another after-action of the same kind, when any fact has transpired after the former trial that changes the rights of the parties to the litigation. A judgment in a former action is a bar to a later action, only when the two actions are so far identical that the same evidence would sustain, and would be required to sustain, the two actions. Applying that test, the judgment pleaded in this case is not a bar to this action." (l. c. 659.)

In *Connelly v. City of Omaha,* 79 Neb. 146, 112 N. W. 360, decided in 1907, plaintiff sought to quiet her title as against a judgment rendered against her in a forcible entry and detainer case. It was held that the rule of *Dale v. Doddridge,* supra, that such a judgment is no bar to another action in relation to the title of the premises, was not broad enough to permit an action to restrain the judgment in the forcible detainer case, for as stated "such judgment is conclusive on the matter in issue at the time of its rendition." The second paragraph of the syllabus reads:

"A fact within the jurisdiction of the court, litigated and determined in a forcible entry and detainer suit, cannot again be brought in question between the same parties."

In *Rourke & Dunn v. Bozarth,* 103 Okla. 133, 229 Pac. 495, decided in 1924, Culbertson obtained a judgment in a forcible detainer action against Rourke, who gave bond signed by Dunn, and appealed to the district court and later to the supreme court, the judgment being affirmed. Culbertson assigned her rights under the bond to Bozarth and others and they brought action thereon. Rourke and Dunn sought to show that the possession during the forcible detainer proceedings, if unlawful, was not willful, etc. The court directing attention to the provision for after actions, which is identical with the Kansas provision, stated the effort was to relitigate the questions involved in the first action, concluding:

"It is a well-settled principle of law that in a collateral proceeding issues of fact once tried between the parties, or which might have been presented for consideration in the trial, cannot again be called into question between and among the parties and their privies. *Corrugated Culvert Co. v. Simpson Twp.,* 51 Okla. 178, 151 Pac. 854; *McIntosh v. Holtgrove,* 79 Okla. 63, 191 Pac. 739." (l. c. 135.)

In *Schuman v. Wallace,* 187 Okla. 535, 104 P. 2d 432, decided in 1940, Wallace brought an action to recover damages alleged to have accrued from a wrongful eviction from real property under an execution issued after final judgment in a justice court in a forcible entry and detainer action between the same parties. The plaintiff recovered in the trial court and defendant Schuman appealed. The supreme court noted that the cause was submitted on the theory Wallace could recover for wrongful eviction, as distinguished from wrongful method of eviction, in the event the jury should find favorably to Wallace certain facts which would have operated to defeat a judgment for possession in the forcible entry and detainer action if

they had been there established, or as stated, in other words the jury were permitted to retry the facts pertinent to the maintenance of the possessory action, in order to determine whether the constable had legal authority to act. It also appeared that no appeal had been taken from the forcible detainer judgment and it was final when the execution issued. It was urged that the justice of peace judgment was not possessed of judicial force necessary to prevent recovery for wrongful eviction by reason of the code provision (quoted in the opinion) that the judgment should not be a bar to any other action. The court answered the contention thus:

"The language may be broad enough to be susceptible of the construction urged, but such was obviously not the intention of the Legislature, for such a construction, if adopted, would make every officer of the law charged with the duty of enforcing such judgments act at his peril and render him personally liable if in the judgment of some other tribunal it should be subsequently determined that the justice of the peace, though acting regularly and with jurisdiction of the subject matter and the parties, erroneously determined the existing facts." (l. c. 537.)

The judgment of the trial court was reversed.

Although the provision as to after actions has been before this court in a number of actions, the precise question now before us was not involved, and probably no weight should be placed on statements isolated from the content of the opinions. Therefore, we mention our decisions very briefly.

*McNamara v. Culver,* 22 Kan. 661, was an action in forcible detainer. The answer set up title and ownership of defendant and the action was certified to the district court, where judgment was for plaintiff. Defendant on appeal contended the nature of the action, on appeal to the district court, was changed to an action in ejectment, and that he was entitled to a second trial, as the civil code then provided. This contention was denied, and the difference between the two types of actions noted.

In *Buettinger v. Hurley,* 34 Kan. 585, 9 Pac. 197, Buettinger brought an action in forcible detainer against Hurley, which on appeal to the district court resulted in a judgment for Hurley. Buettinger also brought an action in ejectment against Hurley which resulted in a judgment for Hurley. Appeals in both cases were considered together in this court. It appears that in the second case the trial court held that while the appeal was pending in the first case, the plaintiff could not maintain the second action. This court, after pointing out dissimilarity of the two actions, affirmed the judg-

ment in the forcible detainer case and reversed the judgment in the ejectment case, and ordered a new trial.

In *Waite v. Teeters,* 36 Kan. 604, 14 Pac. 146, Teeters brought an action against Waite to recover for conversion of a corn crop. Teeters had been a tenant of Waite, who had brought an action in forcible detainer and recovered judgment, and he contended this judgment was *res judicata* in the conversion suit. In disposing of the contention this court said:

"The plaintiff in error invokes the doctrine of *res judicata,* and insists that the court erred in not holding that the judgment rendered in the action of forcible entry and detainer before the justice of the peace, between the same parties, is a bar to the present action. We agree with the trial court, that the doctrine does not apply in this case. Only such matters as were directly in issue and determined in the former action are *res judicata* and conclusive upon the parties in the subsequent litigation. In the first action the only question that was or could be litigated was, whether the defendants in error had made an unlawful and forcible entry upon the premises of the plaintiff, or, having a lawful and peaceable entry upon the lands, were unlawfully and by force holding the same. The action for the conversion of the corn grown on the premises, although between the same parties, was wholly different in form and in the issue involved from the first one." (l. c. 605.)

In *Ow v. Wickham,* 38 Kan. 225, 16 Pac. 335, it was held that an action for forcible detainer and one for damages growing out of the same transaction could not be joined, and to the same effect is *Dineen v. Olson,* 73 Kan. 379, 85 Pac. 538.

*Aldred v. Hogan,* 128 Kan. 142, 277 Pac. 289, was an action to collect unpaid installments on a contract for the purchase of real estate. Summarized, one Dull leased real estate to Hogan and on the same day another contract was made whereby Hogan was given the right to purchase on a specified date. Dull died leaving two daughters. An action for forcible detainer and to recover rents resulted in a judgment for Hogan, and no appeal was taken. Then the action to recover on the purchase contract was commenced. Hogan sought to plead the first judgment as a bar. The trial court ruled against him and he appealed to this court, which, after discussion said that the subject of the litigation in the two actions was not the same, the parties were not the same, and the justice of the peace had no jurisdiction to determine whether Hogan's rights under the purchase contract had been forfeited, and held that the first judgment was not a bar to the prosecution of the second action.

In *Soden v. Roth,* 9 Kan. App. 826, 61 Pac. 500, Roth brought an

action against Soden to recover damages for being wrongfully dispossessed and for certain improvements which he had placed on the land and which he claimed he had a right to remove. Soden had leased the farm in question to Roth and had later brought an action in forcible detainer, had recovered judgment from which no appeal was taken, and had obtained restitution of the premises. The question on appeal was whether this judgment barred the action being tried. In disposing of the contention the court said:

"The action of forcible entry and detainer is of a summary character, and the legislature has expressly provided that judgments in such actions, either before a justice of the peace or in the district court, shall not be a bar to any subsequent action brought by either party. (*Waite v. Teeters*, 36 Kan. 604, 14 Pac. 146.) [syl.]

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"This section is broad, but its meaning cannot be construed to be that a party on being defeated could immediately commence another action, and so *ad infinitum*. The right of possession, which is the only question that can be litigated in a case of forcible entry and detainer, when determined, may be set up in a plea of *res judicata*. In the case under consideration the plaintiff is not seeking possession of the land, but damages for the rental value, improvements made, seed furnished, etc. It is true that it was decided in the former case that he was not entitled to possession, and it is now contended that he could suffer no damages for the use or rental value of premises to which he did not have the right of possession, but, under the statute relating to judgments in actions of forcible entry and detainer, we do not think the former judgment can be set up as a bar to this action." (l. c. 827.)

It is clear from the above review of our own decisions the precise question presented by the present appeal has not been considered. Although that question must be determined in the light of the statute as it is today, it is apparent that consideration should be given to the situation as it existed prior to 1870 when there could be no appeal from a judgment in a forcible entry and detainer action, and as it existed after an appeal had been provided, as well as to the effect of the amendments of 1915, all as disclosed in the legislative history heretofore set forth. Taking up the situation prior to 1870, it may be said that only by a very literal interpretation could it be held that a proceeding in forcible entry and detainer, summary in nature though it was, could be repeatedly maintained on the same facts simply by the device of bringing another action. It would seem a more reasonable interpretation the provision as to an after action by either party referred to the bringing of another action based in part on something which transpired after the first judgment or on

some matter which could not be joined, or was beyond the justice's jurisdiction, in which cases the first judgment could not be invoked as a bar. If there was reason for a contrary conclusion it was that the proceeding was summary and no appeal could be taken. But the amendment of 1870 removed the latter difficulty. If a literal construction were then to be followed this situation could have obtained. An action could have been brought with a judgment resulting in favor of either party, an appeal taken to the district court, which might either affirm or reverse, with an appeal to the supreme court, which might either affirm or reverse, and as soon as the last appeal was determined the plaintiff, if the loser, could immediately start another action and try again the identical matters tried in the original action. If the defendant were the ultimate loser, his path would not be so easy, but on the same theory, he could have repeated trials of the same facts. We think the provision that the judgment should not be a bar to any after action is not subject to such a literal interpretation, and that it was never intended by the legislature there should be two trials of an action in each of which the facts were identical. We need not stop there. Prior to 1915 an action for rents or damages growing out of the tenancy could not be joined with an action for forcible entry and detainer. Under the amendments, where the basis for termination is nonpayment of rents, the complaint must state the fact and set forth a verified statement. May it be said the legislature intended that any judgment on the money demand could be tried repeatedly on the same state of facts? We think not.

In what has been said we have not mentioned McHenry's contention that his reply put in issue whether or not the proceedings in the Court of Topeka were ever had. To support his contention he directs our attention to *In re Baum,* 61 Kan. 117, 58 Pac. 958, a habeas corpus case, where it was held:

"While the entries in the docket of a justice of the peace are some evidence of the proceedings had before him, they do not have the unimpeachable quality of the orders and judgments of a court of record." (Syl. ¶ 3.)

However effective that rule may be in a proper case, it is not applicable here. McHenry's action was for the purpose of enjoining the very judgment and execution thereon, which, as he interprets his reply, never had existence. If his claim was that there was something inherently wrong in the record, he should have pointed it out. A general denial was not sufficient for that purpose.

We think it clear from the record before us that McHenry, after having failed to properly perfect his appeal in the forcible detainer action, sought in the present action to enjoin enforcement of the judgment and execution from the Court of Topeka and to again litigate the very facts which were the basis of that judgment. Stated another way, he attempts to substitute this action for an appeal. By its ruling on the motion for judgment on the pleadings the trial court held that could not be done. We conclude the trial court's ruling was correct and it is affirmed.