No. 38,368

WALTER O. SCHULZE, *Appellant,* v. PETE TAVELLA, *Appellee.*

(233 P. 2d 715)

Opinion filed July 3, 1951.

*Simeon Webb* and *Charles W. Hill,* both of Pittsburg, were on the briefs for the appellant.

*Charles H. Menghini,* of Pittsburg, was on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to recover for labor and material furnished in repairing a residence. Defendant's motion for judgment on the pleadings was sustained. Plaintiff has appealed.

The facts are as follows: The action originated in the city court of Pittsburg. Plaintiff in his bill of particulars alleged that he had furnished material and performed labor on a residence belonging to defendant in the amount of $254.15 and the amount was due and unpaid. A statement of the items was attached. Judgment was for the defendant in the city court. The plaintiff appealed. In the district court the defendant filed an answer which alleged that the defendant had filed a previous action in the city court of Pittsburg for the possession of the real estate in question, upon which the house in question was located; that it was owned by him and occupied by plaintiff as a tenant; that the action was for rent due; that plaintiff in this action had, as defendant in that action set up, the same work and labor described in the bill of particulars as in the present action. The answer further alleged that judgment in that action had been entered for the defendant in this action, who was the plaintiff in that one; and that all the matters set forth in the

present action had been litigated in the previous one. The allegations of this answer were not denied. Defendant moved for judgment on the pleadings. This motion was sustained and plaintiff has appealed.

The allegations in the answer as to what took place in the former case in city court and what the records show were not denied in the pleadings by plaintiff in this action. They are not disputed here. In the complaint in that action defendant herein alleged that plaintiff herein occupied the premises described; that he lawfully entered upon them and was forcibly detaining them from the plaintiff, defendant herein; that he was indebted to the defendant in this action for $50. Judgment was prayed in that amount. Judgment was entered for plaintiff in that action, defendant in this one, for $50. The motion of defendant in this action for judgment on the pleading was sustained—hence this appeal.

The plaintiff, a carpenter by trade, occupied a residence owned by the defendant and while in possession furnished some material and labor to repair. The defendant, the owner of the residence, gave the plaintiff credit on his rent for material and labor furnished. Thereafter the plaintiff made several monthly payments in cash and then became in arrears in payment of his rent.

The defendant herein filed a complaint in the city court for peaceable entry and forcible detainer for possession of the real estate alleging nonpayment of rent in the sum of $50. The plaintiff herein, as a defense in the peaceable entry and forcible detainer action, offered in evidence his account of labor and material furnished, to show there was no rent due and by reason of the work done and material furnished he had made payments sufficient to pay all rents due and for some months in the future. After a hearing the court found for this defendant giving him possession and judgment for $50 for past due rent. Schulze did not appeal, but filed the present action in the city court of Pittsburg.

Defendant argues here and the trial court held that the judgment in the peaceable entry and forcible detainer action was *res judicata* of the action to collect for the material and labor for which this action was brought. Plaintiff herein argues it was brought under G. S. 1949, 61-1301 to 61-1314, inclusive. He calls our attention to the fact that G. S. 1949, 61-1303, provides as follows:

"Judgments either before a justice or in the district court, in actions brought under this article, shall not be a bar to any after action brought by either party."

We considered the above section in *McHenry v. Hubbard,* 156 Kan. 415, 134 P. 2d 1107. Its history is interesting. However, we demonstrated in that opinion that it never was entitled to the effect argued by plaintiff here. There we held:

"The provision of the code of civil procedure before justices of the peace in proceedings in forcible entry and detainer that—

" 'Judgments either before a justice or in the district court, in actions brought under this article, shall not be a bar to any after action brought by either party.' (G. S. 1935, 61-1303.)

examined and considered, and held, that the bar mentioned refers to another and distinct action by either party involving a changed state of facts, and does not prevent a defendant in a second action from setting up as a defense that the questions of right of possession and of the amount of rents due involved in the second action are based upon the identical facts involved in the first action, and that the judgment thereon is res judicata."

G. S. 1949, 61-1305, provides in part as follows:

". . . If an action is brought for the purpose of recovering possession of said premises from a tenant for nonpayment of rent the complaint shall allege this fact, and the plaintiff in the action shall set forth a verified statement of the amount he claims to be due from the defendant as rent of said premises, and the summons served upon the defendant in this action shall state the amount for which judgment shall be taken against the said defendant as in civil actions for the recovery of money."

The section was enacted in 1915. (See Laws of 1915, Ch. 264.) As pointed out in *McHenry v. Hubbard,* supra, the question there was the same as here. The matter tried out in the first action between the landlord as plaintiff and the carpenter tenant as defendant was whether the carpenter was in arrears on his rent. The carpenter claimed that on account of the contract he was not in arrears. The landlord claimed he was. There was a trial and the carpenter introduced in evidence the contract and the same account for material and labor upon which he relies in this action. The issue was tried out. The judge of the court of Pittsburg found for the plaintiff and by that finding, absent an appeal, the issue was adjudicated. In the earlier action the bill for labor and material was a counter claim. The provision of G. S. 1949, 61-1305, already quoted, provided for joining of a claim for rent with a claim for possession of premises. G. S. 1949, 61-1309, provides that upon the completion of the trial the justice shall enter judgment for the amount of rent which he shall find to be due the plaintiff. If the plaintiff be correct in his argument here, then the city court of Pittsburg would not have had jurisdiction to consider any defense

a tenant might have, such as this bill for labor and material. To state such a proposition would seem its best refutation. The bill for material and labor which the carpenter interposed to the landlord's claim for rent was a counter claim, such as is provided for in G. S. 1949, 60-710. That section provides what an answer shall contain. The above is part of the code of civil procedure, but G. S. 1949, 61-1501, provides that the provision of the code shall be applicable to proceedings before justices where no special provision is made.

The plaintiff insists here that the court of Pittsburg in the peaceable entry and forcible detainer action only had jurisdiction to determine the right of possession and had no jurisdiction to hear a counter claim. That position is contrary to the plain provisions of G. S. 1949, 61-1305, as we have demonstrated. It follows that the identical matter sought to be litigated in this action was adjudicated in the earlier action between the same parties. It is *res judicata* and the court ruled correctly in sustaining the defendant's motion for judgment on the pleadings.

The judgment of the trial court is affirmed.